No. 278.

## CARTER ET AL. *v.* LACY.

PLEADING.—*Theory.*—*Complaint and Trial Must Proceed Upon.*—A complaint must be drawn on a distinct and definite theory; and upon that theory the case must stand or fall.

LEASE.—*Contract to Clear Land.*—*Use of Land in Payment.*—*Lessee Dispossessed by Lessor.*—*Damages.*—If a land-owner agrees to let his uncleared land for a certain term, in consideration of which the lessee agrees to clear it and look to the crops he may raise during such term for his remuneration, he may recover in money the rental value of the unexpired term of the lease, if he be ejected by the lessor.

SAME.—*Amount of Damages.*— *Time of Bringing Action*—In such case the lessee is not bound to wait until the expiration of the time the lease has to run, but may commence an action as soon as he is evicted, and recover, if he has fully cleared the land according to his contract, the full rental value, less the value of rent received.

PRACTICE.—*Improper Joinder of Causes of Action.*— *When Not Error.*—If the evidence is only addressed to one of two paragraphs of the complaint, and the case is tried upon the theory set forth in such paragraph, it is immaterial that other paragraphs are improperly joined with such paragraph.

,From the Clinton Circuit Court.

*F. F. Moore, T. H. Palmer* and *W. F. Palmer,* for appellants.

*J. V. Kent,* for appellee.

ROBINSON, J.—The appellee commenced this action against the appellants. The complaint was in four paragraphs.

The first paragraph alleges that, on or about the 1st day of October, 1887, appellee rented of the appellant Mary Carter the lands described in the complaint, containing twenty acres, for a term of four years, from the 1st day of March, 1888 ; that said land was then heavily timbered with growing, dead and falling timber, and had thereon large quantities of grub bushes, briers and logs ; that by the terms of said contract the appellee was to clear said land fit for the plow and general agricultural purposes during said term of four years, and put in said lands such drains or ditches as the

Carter *et al. v.* Lacy.

appellee deemed proper, and appellee was to put on said lands two lines of fence during the spring of 1889 ; that by the terms of said contract, which was not in writing, appellee had the right to enter on said land on and after the 1st day of October, 1887, for the purpose of clearing and fencing the same, and to make rails for such fences, and to make ditches and drains ; that after the 1st day of October, 1887, appellee did enter on said lands in pursuance of said contract, and did clear said lands by removing therefrom all of the timber, logs, grubs, briers and bushes thereon, and made such drainage thereon as he deemed proper, amounting to one hundred and fifty rods, at great expense in labor, time and money, at his own cost, and so cleared, drained and fenced about seventeen and one-half acres of said land, leaving about one-half thereof uncleared, two acres having been previously cleared, all of which work was performed before the 1st day of August, 1888; that appellee made and placed in the fence on said land sixteen hundred rails as aforesaid, which work and labor was of the value of twenty-five dollars ; that it was worth sixty-five dollars to dig said ditches; that said clearing of said land was worth two hundred dollars ; that appellee so cleared and prepared said land that he planted the same in corn for the year 1888 ; that the appellants had, during all of said time, been fully informed of the amount and character of said work ; that by the terms of said contract, in consideration that appellee would do and perform said work and labor during said term of renting, appellee was to have the right to all of the grain or other products that he could grow and raise on said land during said tenancy for said four years ; that the appellee remained in full possession of said land under said contract until the — day of March, 1889 ; that the reasonable value of the use of said land was one hundred dollars per year; that, on the — day of March, 1889, the appellants, without right, entered on said land, expelled and dispossessed the appellee from said land, and drove him off said land, and wrongfully evicted him therefrom,

and has hitherto wrongfully and with strong hand and forcibly held and kept possession of said premises, and kept the appellee out of possession of the same, and hence of enjoying the profits thereof, and refused to let appellee possess, use, occupy and farm said land longer, wherefore appellee was damaged, etc.

The second paragraph of the complaint is not materially different from the first.

The third and fourth paragraphs of the complaint are for the recovery of the possession of the lands leased to the appellee, and for the recovery of damages for the detention thereof.

The answer was general denial.

The cause was submitted to a jury, resulting in a verdict in favor of the appellee for two hundred and twenty dollars.

Appellants filed a motion for a new trial, which was overruled, and judgment was rendered on the verdict, and proper exceptions taken.

The evidence is in the record.

The only error assigned is error of the court in overruling appellants' motion for a new trial.

The causes assigned for a new trial are :

*First.* The damages assessed by the jury are excessive.

*Second.* The assessment of the amount of recovery is erroneous, being too large.

*Third.* The verdict of the jury is not sustained by sufficient evidence.

*Fourth.* The verdict of the jury is contrary to law.

The fifth, sixth, seventh, eighth, ninth, tenth and eleventh causes assigned for a new trial consist in the alleged error of the trial court in permitting certain testimony to go to the jury over the appellants' objection and exceptions, in refusing to reject and strike out certain testimony on appellants' motion, and in refusing to permit appellants to introduce certain testimony offered by them on the trial of said cause.

The counsel for the appellants, in their argument, present the first four causes assigned for a new trial together, and make the point that "the rule is that the complaint must proceed upon a distinct and definite theory, and upon that theory the case must stand or fall." This is a correct statement of the rule of law in a case in point, but from the evidence (the instructions of the court not being in the record) it clearly and conclusively appears that the cause was tried upon the first and second paragraphs in the complaint; that the verdict of the jury was rendered upon these paragraphs, and that the third and fourth paragraphs in the complaint were not considered in the trial of the cause, and that under the third and fourth paragraphs the question of the possession of the realty and damages for the detention thereof did not enter into the trial of the cause.

It seems clear, under the averments in the first and second paragraphs of the complaint, that the appellee sought, and the trial proceeded upon the theory that he was entitled, to recover damages in money for a breach of a simple parol contract for lease of real estate. It was not sought to recover damages for the tortious entry or trespass of appellants, but, waiving the tort, to recover in money the damages resulting from appellants' breach of contract, and for the breach of the implied covenants of possession and quiet enjoyment.

Under the first and second paragraphs in the complaint a good cause of action was shown in the appellee to recover damages for being wrongfully evicted of and deprived of the use and possession of the lands of which appellee was the lessee, which, under the contract when appellee was evicted, had three years to run. Under the averments in these paragraphs the question is clear that the right existed in the appellee to recover in money the rental value of the unexpired term the lease had to run.

The appellants, however, claim that in no event could appellee recover the rents and profits for any time extending

beyond the trial of the cause, for the reason that the appellee commenced this action within fifteen days after the alleged breach in the contract occurred, and before the entire time of the unexpired term of the lease had elapsed, and, therefore, appellee's recovery could not extend over a greater length of time than that embraced between the breach and the time of trial. We do not think this position correct. The contract was entire. Under it appellee was to have the use and possession of the land for four years, and after having practically paid the whole consideration for such use and possession for the entire length of time, and occupied and farmed the land one year, appellants voluntarily dispossessed him, took possession of the land, refused to allow him to again have possession, and deprived him of the remaining three years the lease had to run, the rental having been paid. Appellee's right of action then accrued, and he was not compelled to wait until the entire time had elapsed before bringing suit. Taylor Landlord and Tenant, section 305 ; *Mayor, etc.,* v. *Mabie,* 13 N. Y. 151 ; *Avery* v. *Dougherty,* 102 Ind. 443 ; *Williams* v. *Oliphant,* 3 Ind. 271 ; 4 Wait Actions and Defences, 279.

As before said, it clearly and conclusively appears from the evidence that the cause was tried under the first and second paragraphs of the complaint. There was no attempt to prove the value of the realty for the alleged time of the wrongful detention. All the evidence in the cause upon the question of damages was directed to the rental value of the land for the unexpired term of the lease.

The third and fourth paragraphs may be said to have been in issue, but upon the trial seemed to have been abandoned. The verdict is a general finding for the appellee. The assessment of damages was clearly based upon the first and second paragraphs of the complaint. The third and fourth paragraphs of the complaint, as before seen, sought to recover the possession of the lands leased to the appellee, as alleged in the first and second paragraphs, and damages

for the wrongful detention thereof. The questions as to whether these causes of action were improperly joined with the causes presented by the first and second paragraphs, or whether there should have been a finding by the jury on the third and fourth paragraphs, were not saved by the record in the trial court, and present no question for this court to decide.

The evidence tended to sustain all of the material allegations in the first and second paragraphs of the complaint. There was much conflict as to the terms of the contract, as to the means used to evict and dispossess the appellee, as to the performance of the contract by the appellee, as to the rental value of the lands for the unexpired term of the lease, and other questions involved in the case; but there was evidence that tended to sustain the verdict of the jury and that tended to sustain the amount of damages found by the jury in favor of the appellee.

Under the rule of practice established by numerous decisions of the Supreme Court, and so long adhered to, we can not interfere with the verdict of the jury.

The fifth, sixth, seventh, eighth, ninth, tenth and eleventh causes assigned for a new trial are based upon the alleged error of the trial court in permitting certain testimony to go to the jury over the appellants' exception and objections. In refusing to reject and strike out certain testimony, and in refusing to permit appellants to introduce certain testimony offered by them on the trial of said cause.

We have carefully examined each objection pointed out by the appellants under these several causes in the motion for a new trial. Much of the testimony objected to was properly admitted. There was no error committed by the court in refusing to reject and strike out the testimony complained of, or in refusing to permit the introduction of the testimony proposed to be introduced by the appellants under the form of the question propounded to the witness. There

was no ruling made by the court upon the testimony excepted to that could have in any way harmed the appellants Judgment is affirmed, with costs.

Filed Nov. 11, 1891.