## Blanchard-Hamilton Furniture Company v. Colvin.

[No. 4,574.    Filed February 5, 1904.]

TRIAL.—*Complaint.— Uncertainty.— Remedy.*—Where the allegations of a complaint are uncertain, the remedy is by motion to make more specific.  *p. 401.*

SAME.—*Misjoinder of Causes.—Remedy.*—Where more than one cause of action is stated in a paragraph of complaint, the remedy is by motion to separate, or by demurrer for misjoinder.  *pp. 401, 402.*

MASTER AND SERVANT.—*Failure to Guard Machinery.—Statutory Duty. —Complaint.*—In an action by an employe for personal injuries resulting from the failure of defendant to guard machinery as required by statute, it is sufficient if the complaint allege such failure in the language of the statute.  *p. 402.*

APPEAL AND ERROR.—*Theory of Trial Court, How Determined.*—The Appellate Court will look to the entire record to determine the theory on which the case was tried.  *p. 402.*

SAME.—*Theory of Trial Court.*—When the facts pleaded may be construed as proceeding upon different theories in the statement of

Blanchard-Hamilton Furniture Co. *v.* Colvin.

a cause of action, the construction placed upon them by the trial court will be the theory upon which they will be considered on appeal. *pp. 402–404.*

MASTER AND SERVANT.—*Personal Injuries.—Failure to Guard Machinery.—Instruction.*—In an action by an employe for personal injuries sustained while using a machine not guarded as required by statute, an instruction reciting the statutory duty of the employer, and stating that if the machine was not properly guarded its use by plaintiff must not be regarded as negligence, is not cause for a reversal of a judgment for plaintiff, where the jury were told in other instructions that the plaintiff could not recover if his own negligence contributed to the injury. *pp. 405, 406.*

SAME.—*Failure to Guard Machinery.—Duty of Employe.*—Where it is the statutory duty of the employer to guard machinery for the protection of employes, an employe is not required to furnish or adjust such guard, or to request his employer to do so. *p. 407.*

SAME.—*Injury Caused by Defective Guard.—Evidence.—Question Calling for Conclusion.—Harmless Error.*—In an action by an employe for personal injuries sustained while using a machine not guarded as required by statute, where the defense was that a proper guard had been furnished, and the construction of the guard was particularly described to the jury, it is not reversible error for the plaintiff to testify in his own behalf as to the class of work the guard was made to be used on, since it was for the jury to determine whether the guard was proper or not. *pp. 408, 409.*

SAME.—*Failure of Employer to Guard Machinery.—Evidence.—Notice of Factory Inspector.—Letter.*—On the trial of an action for injuries resulting from the failure of a master to guard machinery as required by statute, a letter from the state factory inspector notifying the defendant to provide guards for its machines, including the particular kind of a machine used by plaintiff, is admissible in evidence, though the defendant had, after receiving the letter, changed its name, and the notice contained in the letter was not the notice contemplated by the statute. *pp. 409–411.*

SAME.—*Failure to Guard Machinery.—Evidence.—Complaints by Employe.*—Where, on the trial of an action by an employe for injuries resulting from a failure of his employer to guard machinery, the plaintiff having testified that he had made no complaints, it was not error to reject testimony offered by the defense showing that no complaints had been made by plaintiff. *p. 411.*

WITNESSES.—*Laying Foundation for Impeachment.—Improper Question.—Harmless Error.*—On the trial of an action by an employe against his employer for personal injuries, a witness for the defense was asked on cross-examination, and for the purpose of laying the foundation for impeaching the witness, whether or not he remembered the circumstance of an agent for an insurance company

that had the defendant insured against accidents coming to defendant's factory after the accident. *Held,* that the evidence was improper but not reversible error. *pp. 411, 412.*

WITNESSES.—*Duty of Servant in Operating Machine.*—*Evidence.*—It was not error to exclude the testimony of a witness for the defendant relative to the duty of a man operating the particular kind of a machine on which plaintiff was injured, where all of the facts connected with the operation of the machine, and the conduct of plaintiff and defendant as master and servant with reference thereto, had been detailed to the jury. *pp. 412, 413.*

From Shelby Circuit Court; *Douglas Morris,* Judge.

Action by Stephen Colvin against the Blanchard-Hamilton Furniture Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*K. M. Hord, E. K. Adams* and *Albert Davis,* for appellant.

*Isaac Carter* and *H. C. Morrison,* for appellee.

COMSTOCK, J.—Appellee sued and recovered judgment for $1,650 in the court below, for injuries sustained by him while working for appellant on a frizzer which was not properly guarded, and which injuries would not have happened had the machine been so guarded. The action is based upon a statutory liability. §7087i Burns 1901, §5169k Horner 1901, Acts 1899, p. 231.

The errors relied upon for reversal are the action of the court in overruling appellant's demurrer for want of facts to the complaint, and its motion for a new trial.

The complaint is in one paragraph. It contains, among other things, the following: "That during all of said time said company was required by law properly to guard its machines and said frizzer, and to put upon them and it proper safeguards; that said guards were so required for the purpose of protecting from injury the men who worked on such machines; that on the 24th day of October last the factory in which said machines were used was inspected by the officer authorized and directed by law

Blanchard-Hamilton Furniture Co. *v.* Colvin.

to make such inspection, and on or about the 28th day of said month said defendant was directed by said officer to provide guards for ripsaws, joiners, and frizzers; that said defendant neglected, failed, and refused to perform its said duty, and also to place or provide guards for said frizzer or properly to guard the same; that on the 13th day of January, 1902, the plaintiff was employed by the defendant in said factory; that under the direction of the defendant it was his duty to work at said machine known as a frizzer; that while he was engaged at said work it was his duty to place pieces of wood on the table on said machine and to run them over the same; that portions of such wood were cut by such revolving bits; that on said day no guard of any kind was provided by the defendant to be used by him while he was working at and operating said machine on said work, nor did he have a guard which he could use on said frizzer while he was doing the work he was then doing, and said machine was then wholly unguarded, and of which the defendant knew."

The objection made to the complaint is that it "does not travel on any definite theory." It is claimed that it is uncertain. "It is uncertain from the allegations whether the plaintiff attempted to allege that no guard was furnished, or that the machine was guarded by a defective guard. If the purpose was to allege the furnishing of a defective guard, it was plaintiff's duty to allege specifically in what particular the guard was defective, so as to give notice to appellant of the exact theory upon which the appellee relied for recovery. The allegation that the machine was not properly guarded is pleading a conclusion and not an averment of fact."

Uncertainty in a complaint is reached by a motion to make more specific. *Cleveland, etc., R. Co.* v. *Wynant*, 119 Ind. 539. If more than one cause of action is stated,

the remedy is by motion to separate or by demurrer for misjoinder. If the complaint alleges the failure of a duty imposed by statute, it is sufficient to allege such failure in the language of the statute imposing the duty. *Pittsburgh, etc., R. Co.* v. *Brown,* 44 Ind. 409, 411; *Buehner Chair Co.* v. *Feulner,* 28 Ind. App. 479; *Monteith* v. *Kokomo, etc., Co.,* 159 Ind. 149, 58 L. R. A. 944. The statute required the appellant "properly to guard" the machine. This is the statement of a fact. The allegation that it was not properly guarded is not the statement of a conclusion. The leading allegations of a pleading determine its theory. An appellate court will look to the whole record to determine the theory of a case. *Carmel Nat. Gas, etc., Co.* v. *Small,* 150 Ind. 427; *Carter* v. *Lacy,* 3 Ind. App. 54; *Shew* v. *Hews,* 126 Ind. 474.

It is averred in the complaint "that no guard of any kind was provided by the defendant to be used by him while he was working at and operating said machine on said work, nor did he have a guard which he could use on said frizzer while he was doing the work he was then doing, and said machine was then wholly unguarded, all of which the defendant knew;" that the injury was sustained without any fault or negligence on the part of the appellee, and was due wholly to the fault of the defendant. In the second paragraph of the answer the appellant says that it "had provided for use on said machine, at and before the time of his alleged injury, a guard to be placed upon said machine, and which before the time of said injury had been placed thereon, and which guard was the best known for use upon said machine, so as to be full and ample protection to plaintiff while working with said machine; * * * that said plaintiff would not have been injured if he had obeyed the instructions of this defendant in the use of said guard." In the third paragraph of the answer the appel-

lant says that the appellee was "fully aware of the dangers and hazards of operating the same [the frizzer] without a proper guard adjusted to and attached to said machines; and that it 'provided him with a proper and sufficient guard,' that could be adjusted and placed on the machine, and if he had used said guard, which was the best known for the protection of persons using said machine, he would not have been injured."

The court gave instruction sixteen, in which it said: "If you further find that at the time such inspector or deputy gave such order, or at any time before such injury, there was provided by defendant or its employes at its instance a suitable guard for such machine, which would protect the plaintiff from such injury while doing the work at which he was engaged when injured," etc. Also instruction seven, in which it said: "You may consider whether or not there was at hand a suitable guard which he had a right to use, by the use of which he might have avoided the injury." And in instruction eight the following language is used: "Notwithstanding it was the duty of the defendant, at the time plaintiff received the injury complained of, to provide a suitable guard for plaintiff's use and protection while operating the machine by which he was injured." In instruction seven the court told the jury, "If you find from the evidence that a guard, and which was a proper kind of a guard;" also, "If such a guard was made in the manner and under the circumstance as set out in this instruction, and if it could have been used by the plaintiff with safety at the time he received the injury," etc. All said instructions were given at appellant's request.

In the admission of evidence the counsel for appellant said, with reference to the guard furnished: "We want to show that the guard could have been used, and it was his duty to use it for the purpose of making application

to that work." The court then said to counsel: "Your object is to prove that the particular guard in question could have been used safely in the work?" to which the counsel responded, "Yes, sir; in doing this particular work."

These extracts from the record show that the case was tried upon the theory, not that no guard was furnished, but that it was the duty of the appellant properly to guard the frizzer. When the facts pleaded may be construed as proceeding upon different theories in the statement of a cause of action, the construction placed upon them by the trial court will be the theory upon which they will be considered by the court upon appeal. *Callaway* v. *Mellett*, 15 Ind. App. 366, 57 Am. St. 238. The complaint states a good cause of action upon the theory that no proper guard was furnished or that no guard was furnished, and is therefore sufficient to withstand a demurrer. *Kreag* v. *Anthus*, 2 Ind. App. 482.

Appellant discusses the following reasons set out in the motion for a new trial, viz.: The verdict of the jury is not sustained by sufficient evidence; it is contrary to law (under these specifications appellant contends that the evidence of the appellee shows that his own conduct contributed to his injury); that the court erred in refusing to give as the law of the case instructions two, three, ten, and eleven, and each of them, requested by appellant, and in giving to the jury instructions numbered five, nine, ten, twelve, and fourteen, and each of them.

Said instructions two, three, ten, and eleven were each of them addressed to the question of appellee's contributory negligence. In so far as they correctly stated the law, the substance of them was covered by others given. The instructions to the jury upon this question were fair and full.

Said instruction five, given to the jury, is as follows:

Blanchard-Hamilton Furniture Co. v. Colvin.

"Before the plaintiff can recover in this cause, the evidence must have shown, by a fair preponderance thereof, that before the commencement of this action the defendant used in its factory a machine known as a frizzer, as described in the complaint; that plaintiff was employed by defendant to operate said frizzer; that, while so operating said machine, his left hand was caught therein, and one or more of his fingers on said hand were cut and injured, that the proximate cause of such injury was the failure of the defendant to provide a proper guard for said machine for plaintiff to use while engaged in the work he was doing at the time of the injury." The following portion of said instruction is claimed to be objectionable: "That the proximate cause of such injury was the failure of the defendant to provide a proper guard for such machine, for plaintiff to use while engaged in the work he was doing at the time of the injury."

Appellant contends that the action was upon the theory that no guard was furnished, and that appellee was not entitled to recover upon the theory that no proper guard was furnished, and that he was not, therefore, entitled to the foregoing instruction, which recognized his right of recovery in a case in which a guard had been furnished which was not a proper one. The action was upon the theory that no guard had been furnished to be used on the work then being done by appellee; in other words, no proper guard. We can not admit appellant's premise as to the theory of the complaint.

Instruction nine is as follows: "It was the duty of the defendant properly to guard the machine on which the plaintiff was injured for every kind of work he was required to do on it, if it could have been guarded. If the defendant did not properly guard said machine for every kind of work the plaintiff was required to do upon it, if it could have been so guarded, and if it was not

properly guarded by some one for the defendant for every kind of work the plaintiff was required to do upon it, if it could have been properly guarded, his use of such machine without a guard must not be regarded as negligence by him." The objection urged to this instruction is that if the jury found that no proper guard was furnished, then the appellee was not guilty of contributory negligence, no difference what the circumstances were at the time appellee received his injuries. It is claimed that the right of the jury to determine, under the existing circumstances, the negligence of appellee in attempting to use the machine without guard is invaded. The instruction recites the statutory duty of the employer properly to guard the machine upon which the employe is assigned to work, and if it was not properly guarded by some one for the defendant the use of it must not be regarded as negligence. The instruction does not refer to the manner in which the appellee used the machine. There is no evidence that the mere use without guard was negligence.

We bear in mind the difference between the assumption of risk and negligence. The former being the subject of contract; the latter is not. They are separate and distinct. *Davis Coal Co.* v. *Polland,* 158 Ind. 607; *Buehner Chair Co.* v. *Feulner,* 28 Ind. App. 479.

A machine being one well known and in common use, in good repair, without defect, the danger necessarily incident to its use is included in the assumption of risk, and not in negligence. The danger necessarily incident to the use of the machine in question without a guard is an assumption of risk. If in so using it appellee used care reasonably commensurate with the risk assumed to avoid injury, he can not be charged with negligence. *Narramore* v. *Cleveland, etc., R. Co.,* 96 Fed. 298, 37 C. C. A. 499, 48 L. R. A. 68; 20 Am. & Eng. Ency. Law (2d ed.), 112, 116.

Instructions must be considered as a whole. Instructions six, seven, and eight, given, informed the jury that the appellee could not recover if his negligence contributed to his injury. The instructions as a whole could not have misled the jury.

Instruction ten, given, reads: "It was not the duty of the plaintiff to furnish a guard or any part of the same to be used on the machine on which he was injured, nor was it his duty to ask the defendant properly to guard such machine for the various kinds of work he was required to do, nor to complain to it because it was not so guarded." There was no error in giving this instruction. It was the duty of the appellant properly to guard this machine. This duty is not dependent upon appellee's request. §7087i Burns 1901; *Davis Coal Co.* v. *Polland, supra; Coal Co.* v. *Estievenard,* 53 Ohio St. 43, 40 N. E. 726.

Instruction twelve tells the jury, in substance, that if the appellant had instructed the appellee as to the adjustment of the guard and the operation of the machine in doing other work than that which he was doing when hurt, and if he discovered when he understood how to do said work last mentioned that the guard should be readjusted, then he was not required to do anything in the way of readjustment of the guard or in connection with the work he intended to do until or unless he was further instructed by the appellant. Against the twelfth instruction it is urged that it proceeds upon the theory that appellee was an inexperienced employe, and entitled to be instructed as to the particular work he was required to do, whereas the theory of the complaint is that he was an experienced employe of mature years. This being the case, appellant did not aver he had no duty in the way of instructions; that therefore the instructions were not pertinent to the issue. This objection is fairly met in the fact that appel-

lant, in both its second and third paragraphs of answer, alleged that it had instructed the appellee in the use of the guard, and he was injured because he refused to use it.

In addition, the court, at the request of the appellant, gave instruction thirteen, in which it is said: "If you find that the defendant by its proper employes gave to the plaintiff full instructions as to the proper use of the machine mentioned in the complaint * * * then I instruct you that it was his duty, at and before the time he received the injury, to obey such instructions * * * and if he failed to do so, and such failure contributed to the injury sustained by the plaintiff, he can not recover in this action." Appellant had the right to instruct appellee as its servant, and to require him to obey the instructions without reference to his experience or inexperience. The same criticism is made of instruction fourteen as of the twelfth.

It is contended that it was appellee's duty to adjust the guard, and when he discovered that it must be readjusted before he could do the work he desired to do it was his duty to undertake to readjust it without further instructions from appellant. At least, if he could not readjust the guard, he could have called upon appellant's servants to do so for him, and that his proceeding to do the work without attempting to readjust the guard, and without calling for assistance in the matter, was negligent conduct on his part. It appears that the guard was not suitable for the work in hand, but appellant contends that it could have been readjusted with material on hand, and made to answer the requirement. The statute makes it the duty of the employer and not the employe properly to guard dangerous machinery.

To appellee, while a witness in his own behalf, the following question, over the objection of appellee's counsel,

was propounded: "What class of work was the guard made to be used upon, if you made it to be used upon any certain kind of work?" to which appellee answered: "Made it to use on china closets, tops and bottoms and shelves—china closet work." It is insisted that the question called for a conclusion, and not for a statement of a fact; that it was not material what use he intended to be made of it, but it was material upon what use could have been made of it. We may concede that the question was improper, yet as the construction of the guard and its attachment to the frizzer was particularly described to the jury, it was for them to determine, under the evidence, whether it was a proper guard, and the ruling was harmless.

Appellant insists that the court erred in permitting the introduction in evidence of a letter written by D. H. McAbee, chief inspector of the State of Indiana, to the Blanchard Novelty Works, of Shelbyville, Indiana. The said letter, in substance, notified the Blanchard Novelty Works to comply with §§2, 7, and 9 of the acts of 1899 (Acts 1899, p. 231, §7087b et seq. Burns 1901), by requiring of the novelty works that it should provide guards for all ripsaws, joiners, and frizzers, and also stating that if such requirements should not be complied with within twenty days of the date of the letter, which bore date of October 28, 1901, legal proceedings would be commenced against said firm. The first objection urged against the introduction of the letter is that it was not addressed to the appellant, and did not purport to be a notice to the appellant, and was therefore inadmissible as against the appellant. The second objection to its introduction was that the statements and declarations of the state factory inspector are not competent evidence in any way against the appellant, it not being bound by the ex parte declarations of the state inspector. In support of

the first objection, the letter shows for itself that it was not intended as a communication to the appellant. In support of the second objection, even if addressed to the appellant, the notice was not such a notice as the law authorized the state inspector to give, and therefore it was his mere *ex parte* declaration, and not binding upon the plaintiff; that the duties of the state inspector are set out in §9 of the acts of 1899, *supra;* that this section provides that all vats, pans, saws, and machinery of every description shall be properly guarded, and no person shall remove or make ineffective any safeguard around or attached to any such machinery while the same is in use, unless for the purpose of making repairs, and in such case safeguards shall be immediately replaced. The section further provides that the use of the machinery may be prohibited by the chief inspector by attaching a notice to that effect to the machine itself, should he regard it dangerous. Such notice must be signed by the chief inspector, and can not be removed until the required safeguards have been furnished, and such machine shall not be used in the meantime; that the above are the only provisions of the statutes as to any kind of writing or notice being furnished by the chief inspector; and no such notice as that contained in the letter is authorized by law to be given by the chief inspector. They allege, therefore, that the letter was an *ex parte* unofficial act on the part of the chief inspector, and did not bind or affect the appellant in any way. It is pointed out that the complaint charges, and the undisputed evidence proves, that the injury of which the appellee complained was received by him on the 13th day of January, 1902; that appellee states in his testimony that the guard furnished for the machine on which he was hurt was furnished in July or August of the year before the injury; that the letter bore date of October 28, 1901; that it is seen that

more than two months after the guard had been furnished, and while the same was in use on the particular machine referred to, the chief inspector wrote the letter in question, which inferentially ignores the existence of the guard, and gives notice that one must be furnished within twenty days from the date of the letter. By the introduction of the letter the jury are led to infer that the guard then on the machine was not a guard, and he had ordered the machine guarded. The evidence shows that the particular guard was exhibited to and examined by the inspector. The notice in question was received by the president of appellant before appellee's injury, and filed in the letter-book of appellant. When the inspection of the factory was made it was called "The Blanchard Novelty Works," to which address said letter was mailed. It was received by the party for whom it was intended, and its admission was proper as showing notice to the appellant that the machine was not properly guarded, although the notice given was not the one contemplated by the statute.

The court refused to permit one Krupplr, a witness for appellant, to answer the following question: "I will ask you if at any time you heard any complaint from the plaintiff that that bolt was too short, or anything of that kind, or that this guard could not be properly adjusted to the machine to do any kind of work that he had to do?" and refused to permit the witness to state in response thereto that appellee had made no such statement or complaints. This action of the court could not have prejudiced the rights of appellant, for appellee himself testified that he never informed anybody that the bolt of the guard was not long enough, and "never said anything to them about finding me a guard."

It is claimed that it was error to permit appellee to ask said witness Krupplr the following question: "Do

you remember the circumstance of agent of an insurance company that had the defendant insured against accidents, together with a shorthand reporter, coming to the factory last January after the accident?" and in permitting the witness to answer, "I do." It is insisted that the question assumes, without the warrant of any testimony, that appellant was insured against accidents. Appellee justifies the introduction of this evidence upon the ground that the description of the agent was for the purpose of identifying the time and person; that the question was asked for the sole purpose of laying the foundation for impeachment of the witness by showing that he made statements to such agent contrary to statements he made while testifying as a witness, and that such statements were taken down by such reporter. The record shows that the witness did, upon the occasion named, make statements in reference to the guard. While proper to lay the foundation to contradict the witness in reference to insurance, it was improper. For this error we do not feel justified in reversing the judgment.

It is claimed that error was committed in refusing to permit said witness Krupplr to answer the question, "What was the duty of a man who operates a frizzer?" And in refusing appellant's offer to prove, in answer thereto, "That the duty of a frizzer was to oil the machine, keep it clean, and if the work to be done required the use of a guard, that it was the operator's duty to adjust the guard and take it off and put it on as the work which he was to do required." Ultimately the duty of appellee was to be determined by the jury under all the facts of the case. There may have been rules of appellant which it would have been the duty of appellee to obey. Whether he had obeyed such rules would be determined by his conduct, and not by expert testimony. What was said to appellee by way of instruction was the proper

subject of inquiry. Ordinarily an expert can not testify upon a matter capable of being explained, concerning which men in the ordinary walks of life would usually be capable of forming a correct opinion if they were informed as to the facts upon which the opinion would have to be based. All the facts connected with the operating of the frizzer were detailed to the jury, and the conduct of the appellee and the appellant, as master and servant, with reference thereto. The opinion sought could not have informed the jury of anything which they did not know from the evidence. The reciprocal duties of employer and employe are matters of contract, either express or implied. The execution of the contract is to be determined by the jury, and is not the subject of proof by opinion evidence.

Appellant urges that the verdict is not sustained by sufficient evidence. We find that there is evidence fully supporting the verdict.

Nor can we concur in the claim of appellant that the evidence shows that appellee was guilty of contributory negligence. That question was submitted to the jury under proper instructions, and decided adversely to appellant. In short, the jury have found the appellant negligently failed to perform its statutory duty, to the injury of appellee, and that appellee's negligence did not contribute to his injury.

Judgment affirmed.

Henley, C. J., Robinson, Black, and Roby, JJ., concur. Wiley, P. J., absent.