## LAKE ERIE AND WESTERN RAILWAY COMPANY v VOLIVA.

### [No. 7,815.    Filed March 28, 1913.]

1. APPEAL.—*Waiver of Error.—Briefs.*—An assignment of error in overruling a demurrer to a complaint is waived by appellant's failure to argue such ruling in its brief or to point out any objections to the sufficiency of such complaint. p. 173.

2. APPEAL.—*Questions Reviewable.—Sufficiency of Paragraph of Complaint.—Recovery on Other Paragraph.*—The sufficiency of a particular paragraph of complaint will not be determined on appeal, where, from answers to interrogatories returned by the jury, and the admissions of the parties, it is shown that the verdict was based on another paragraph, since the error, if any, in overruling the demurrer was harmless. p. 173.

3. RAILROADS.—*Injury to Live Stock.—Failure to Maintain Fences and Cattle-Guards.—Complaint.—Sufficiency.*—A complaint against a railroad company to recover for injury to plaintiff's horses, which substantially follows the language of §5447 Burns 1908, Acts 1885 p. 224, imposing upon railroad companies the duty of constructing and maintaining fences and cattle-guards sufficient to prevent stock from getting on such railroads, is sufficient to charge a violation of the duty imposed by such statute. p. 174.

4. RAILROADS.—*Injury to Live Stock.—Complaint.—Evidence.—Admissibility.*—Where the complaint against a railroad company for injury to stock substantially followed the language of §5447 Burns 1908, Acts 1885 p. 224, so as to sufficiently charge defendant with a breach of its duty under such statute to construct and maintain fences and cattle-guards sufficient to prevent stock from getting on its tracks, any evidence was admissible which would prove or tend to prove a violation of such duty. p. 174.

5. PLEADING.—*Allegations of Complaint.—Evidentiary Facts.*—A complaint need not aver evidentiary facts in order that proof thereof may be admitted. p. 175.

6. RAILROADS.—*Injury to Live Stock.—Contributory Negligence.— Abandonment of Stock.*—The conduct of the owner of horses in undertaking, without help, while riding one horse and leading another, to drive horses over a railroad highway crossing, could

Lake Erie, etc., R. Co. *v.* Voliva—53 Ind. App. 170.

no more than tend to prove contributory negligence, and did not indicate an abandonment of the horses so as to prevent a recovery for those that escaped over the cattle-guards and went upon the track where they were injured. p. 175.

7. RAILROADS.—*Injury to Live Stock.—Defective Cattle-guards.— Contributory Negligence.*—Contributory negligence is not a defense in an action against a railroad company for injury to live stock resulting from defendant's failure to properly maintain cattle-guards. p. 176.

8. RAILROADS.—*Injury to Live Stock.—Failure to Maintain Cattle-guards.—Application of Statute.*—The liability created by §5447 Burns 1908, Acts 1885 p. 224, requiring railroads to construct and maintain proper cattle-guards, is not limited to injury to stock led or controlled by halter or bridle. p. 176.

9. RAILROADS.—*Injury to Live Stock.—Defective Cattle-guards.— Evidence.—Sufficiency.*—In an action for injury to horses alleged to have strayed onto defendant's railroad track through a defective cattle-guard, evidence that there was no pit under the guard, that the spaces between the rails or slats out of which it was made had become partly filled with gravel and cinders, that the beveled edges of the slats had become worn and beaten down, that snow had fallen on them two nights previous to the injury and had not been removed, that there was a well-beaten path over the guard on and over which the stock passed, and that defendant's track men passed over such guard but a short time before the stock passed over it and that they made no effort to clean the snow therefrom, warranted a finding that at the time the defendant was not maintaining and keeping such cattle-guard in the condition contemplated by §5447 Burns 1908, Acts 1885 p. 224, and that on account of such failure plaintiff's horses entered upon the track. p. 176.

10. APPEAL.—*Findings.—Conclusiveness.*—Any evidence that will justify an inference of fact formed by the jury is enough to render unavailing, on appeal, the objection that such finding is not sustained by sufficient evidence. p. 177.

11. APPEAL.—*Findings.—Conclusiveness.*—The jury's finding that plaintiff's horses were struck by defendant's train is conclusive on appeal if there was evidence to support such an inference by the jury. p. 177.

12. APPEAL.—*Review.—Harmless Error.—Instructions.*—Objections to the giving or refusing of instructions, applicable to a paragraph of complaint upon which the verdict was not based, present no available error. p. 177.

13. APPEAL.—*Review.—Harmless Error.—Refusal to Submit Interrogatory to Jury.*—The refusal to submit to the jury a requested interrogatory was harmless, where no answer that might have

been made to it could have any controlling effect or influence in determining whether the answers to the interrogatories submitted should prevail against the general verdict.    p. 178.

From Warren Circuit Court; *James T. Saunderson,* Judge.

Action by Robert Voliva against the Lake Erie and Western Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John B. Cockrum, Stuart, Hammond & Simms* and *E. G. Hall,* for appellant.

*Daniel Fraser, Will Isham, Ernest M. Hawkins* and *E. Burke Walker,* for appellee.

HOTTEL, J.—The judgment in this case was rendered on a complaint for damages for the killing of five horses.   The complaint was in two paragraphs the first of which proceeded on the theory that appellant's ''right of way, was not, on December 27, 1909, fenced in, neither was said railroad track on said day fenced in or otherwise enclosed, and on said day no barriers or cattle-guards had been or were then established or maintained at the public highway crossing where said railroad right of way and tracks crossed the public highway so as to prevent horses and other live stock from straying on the right of way from adjoining fields or from the public highway.''   This paragraph then avers that appellee's horses entered on the right of way ''where no cattle-guards or other barriers were then and there established or maintained by defendant so that horses and other animals could not stray thereon''; that the defendant operated a freight train over that part of its right of way, after said horses had entered thereon and that the locomotive and cars of such train then and there ''struck and killed said horses.''

For the reasons hereafter indicated we need not set out the second paragraph.   A demurrer to each paragraph of the complaint was overruled, to each of which rulings ap-

pellant saved proper exceptions, and these rulings are each assigned as error and relied on for reversal. The cause was put at issue by an answer in general denial, and a trial by jury resulted in a verdict for appellee in the sum of $950 with which verdict the jury returned answers to interrogatories. A motion for judgment on the answers to interrogatories was overruled, as was also a motion for a new trial, to each of which rulings an exception was properly saved by appellant, and the rulings on each of said motions are assigned as error and relied on for reversal.

1. While the ruling on the demurrer to the first paragraph of complaint is assigned as error and relied on for reversal, this ruling has not been argued in appellant's brief and no objections of any kind are pointed out to the sufficiency of such paragraph. The error, if any, will therefore be deemed waived. Several objections

2. are urged against the second paragraph of complaint, but it is not necessary that we determine the question of its sufficiency for the reason that it is apparent from the answers to interrogatories returned by the jury, that the verdict is based on the first paragraph. In fact, both appellant and appellee, in effect, concede that this is true. It follows that no available error is presented by the assigned error which challenges the sufficiency of this paragraph to withstand the demurrer thereto. *Hill* v. *Pollard* (1892), 132 Ind. 588, 32 N. E. 564; *Miller* v. *Rapp* (1893), 135 Ind. 614, 34 N. E. 981, 35 N. E. 693; *Ervin* v. *State, ex rel.* (1898), 150 Ind. 332, 346, 48 N. E. 249; *Robinson* v. *Dickey* (1896), 143 Ind. 205, 42 N. E. 679, 52 Am. St. 417; *Lime City Bldg., etc., Assn.* v. *Black* (1894), 136 Ind. 544, 35 N. E. 829.

In support of its claim that the court erred in its ruling on the motion for new trial it is very earnestly insisted by appellant that the evidence is insufficient to sustain the verdict because of a variance between the averments of the first paragraph of complaint and the proof offered in its sup-

port, in that the complaint alleges that there was no fence or cattle-guard at the place where the stock entered upon the appellant's right of way and that the evidence offered in support of such averment showed that there was such a cattle-guard and at most only tended to prove that such guard was insufficient to turn stock.   It will be seen 3. from the language of this paragraph above quoted that it substantially follows the statute which imposes upon railroad companies the duty of constructing *and maintaining* fences and cattle-guards sufficient to prevent stock from getting on such railroads, and is therefore sufficient, under such statute, and the authorities construing it and similar statutes to charge a violation of the duty imposed by such statute.   §5447 Burns 1908, Acts 1885 p. 224; *Blanchard-Hamilton Furniture Co.* v. *Colvin* (1904), 32 Ind. App. 398, 69 N. E. 1032; *Pittsburgh, etc., R. Co.* v. *Newsom* (1905), 35 Ind. App. 299, 74 N. E. 21; *Wabash R. Co.* v. *Forshee* (1881), 77 Ind. 158; *Evansville, etc., R. Co.* v. *Tipton* (1885), 101 Ind. 197, 198; 3 Works' Practice (2d ed.) 27.

If the complaint be sufficient to charge a violation 4. of the duties imposed by such statute, and the authorities above cited so hold, it necessarily follows that any evidence would be admissible under such averments which would prove or tend to prove the violation of such duty.   It is further insisted that evidence offered by appellee tending to show negligent delay on the part of appellant in the removal of snow from said cattle-guards on the morning the stock in question was killed, was outside the issues tendered by the complaint, and should not therefore be considered in determining the sufficiency of the evidence.   As we have already indicated the statute here in question imposes not only the duty of erecting fences and cattle-guards in the first instance sufficient to turn stock, but it requires that they shall be maintained in a condition sufficient to turn such stock, and the paragraph of complaint in question not only avers that no barriers or cattle-guards had been

or were then established, but it also avers that they were not then *"maintained"* at said public highway crossing "so as to prevent horses and other livestock from straying upon the right of way." The violation of the duty imposed by the statute and alleged in the complaint, consisted in the failure to erect and *maintain* the cattle-guard in such condition, that it would turn stock. The *condition* in which the cattle-guard was alleged to have been maintained was a material averment of the complaint and any evidence that tended to prove such condition was admissible under such 5. averment. The existence of the snow and the delay in its removal were the evidentiary facts showing a cause for such condition and it was not necessary to aver such evidentiary facts in order that proof thereof might be admitted.

It is next insisted that the evidence shows that 6. the appellee voluntarily exposed his horses to a known danger and that he cannot for this reason recover on his first paragraph of complaint. Appellant bases this contention on evidence which showed that appellee, without any help, while riding a horse and leading another, undertook to drive the horses that were killed along with two or three others over the highway in question, and that his conduct in this respect indicated such an abandonment of his horses as will defeat a recovery in this case. The cases of *Fort Wayne, etc., R. Co.* v. *Woodward* (1887), 112 Ind. 118, 13 N. E. 260; *Knight* v. *Toledo, etc., R. Co.* (1865), 24 Ind. 402; *Welty* v. *Indianapolis, etc., R. Co.* (1886), 105 Ind. 55, 4 N. E. 410; and *Sinram* v. *Pittsburgh, etc., R. Co.* (1867), 28 Ind. 244, are relied on by appellant as supporting this contention. The facts of this case are unlike, and easily distinguishable from said cases. Appellant did not abandon his horses in this case. He accompanied them and while he did not have them under control by bridle or halter, his conduct in the matter of driving them over the highway in question, could no more than tend

to prove contributory negligence which appellant concedes is not a defense in this kind of an action. *Michigan, etc., R. Co.* v. *Farrell* (1913), 52 Ind. App. 603, 99 N. E. 1026, and authorities there cited. It must be apparent that the statute here involved was not intended to be limited in its application to ·stock led or controlled by halter or bridle.

It is further contended that evidence tending to show a defective condition of the cattle-guard was limited to a showing that two slats were defective and that they were over next to the wing of the guard, at a point where the horses did not, and could not have entered; and the further showing that the guard was covered and packed with snow which had fallen the night before the stock was injured; that in other respects the cattle-guard was of the kind generally maintained by good railroads. It is urged that because the evidence and the answers of the jury to interrogatories show that the horses did not pass over said guard at the point where it contained said defective rails and because the snow had so recently fallen that the appellant could not be charged with negligent delay in its removal from the cattle-guard that the evidence is insufficient to support the verdict. There was evidence showing or tending to show that the guard in question was made of wood; that there was no pit under it; that the spaces between the rails or slats out of which it was made had become partly filled with gravel and cinders, that the beveled edges of the slats had become worn and beaten down; that snow had fallen not only on the night before the horses in question were killed, but that snow had fallen the night previous, and had not been removed; that on the morning and at the time the horses passed over said cattle-guard there was a well beaten track over it, on and over which the horses passed; that some of appellant's track men had passed over this same guard but a short time before the horses passed over it, and that such track men made no effort

to clean the snow therefrom. We think we have indicated enough of the evidence to show that there was some evidence which would warrant the jury in finding, as it did by its general verdict, that, at the time the horses in question passed over said guard, appellant was not then maintaining and keeping such guard in the condition contemplated by the statute under which this action is brought, and that on account of appellant's failure to discharge the duty imposed upon it by such statute, appellee's horses entered upon its railroad. Any evidence which would justify such an inference by the jury is enough to meet and render unavailing, on appeal, the objections urged thereto by appellant. Appellant's contention in this regard is more than met and answered by this court in the case of *Pittsburgh, etc., R. Co.* v. *Newsom, supra.*

Finally it is contended that the evidence fails to show that appellant's engine or cars struck the horses alleged to have been killed. The evidence is by no means convincing or satisfactory on this point. Appellant's trainmen testified in effect, that the horses themselves ran over and off the abutment of appellant's bridge into the creek where they were found. On the other hand, the evidence relating to the position of the horses in the creek, their injuries, and other physical facts is sufficient to authorize the inference that they were struck by appellant's engine or cars and knocked into the creek, and there being some evidence to support such inference, the verdict of the jury on such question is conclusive on appeal.

Objections are urged to some of the instructions given and refused, but these objections all relate either to instructions applicable to the second paragraph of complaint, or present in a different form questions already discussed, and for the reasons indicated we are of the opinion that no available error is presented in the giving or refusal of either of said instructions.

13.    Objection is also urged to the refusal of the court to submit an interrogatory propounded to the jury by appellant. We are of the opinion that the court properly refused to submit such interrogatory but no answer that might have been made to it, could have any controlling effect or influence in determining whether the answers to such interrogatories should prevail against the general verdict and therefore no harm has resulted from a refusal to submit the same. We find no available error in the record.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 338. See, also, under (1) 2 Cyc. 1014; 3 Cyc. 388; (2) 31 Cyc. 358; (3) 33 Cyc. 1262; (4) 33 Cyc. 1269; (5) 31 Cyc. 684; (6) 33 Cyc. 1232, 1242; (7) 33 Cyc. 1230; (8) 33 Cyc. 1163, 1170; (9) 33 Cyc. 1294, 1295; (10) 3 Cyc. 347, 348; (11) 3 Cyc. 348; (12) 38 Cyc. 1815, 1817; (13) 38 Cyc. 1910. As to a railroad company's duty to maintain fences and cattleguards, see 21 Am. St. 289. On the question of the duty of a railroad company to keep cattle-guards in condition, see 36 L. R. A. (N. S.) 997. As to the measure of care of a railroad company to maintain fences once constructed, see 11 L. R. A. (N. S.) 228. For the liability of a railroad whose failure to maintain fences permits escape of livestock, which is killed or injured outside its right of way, see 29 L. R. A. (N. S.) 573. On the liability for injury to stock other than by trains, because of breach of statutory duty to fence, see 37 L. R. A. (N. S.) 1181.