# Mobile Transportation Company *v.* City of Mobile, *et al.*

*Bill to Enjoin Exclusive Possession of the Shore of Mobile River in Front of Complainant's Land.*

(Decided Nov. 21, 1907.   44 So. Rep. 976.)

1. *Trusts; Management; Possession of Trusts; Use by Cestui Que Trust.*—The possession by a trustee of a legal title in property for the purpose of regulation and superintendence, is not inconsistent with possession and user by the beneficiaries subject to such supervision.

2. *Navigable Waters; Riparian Rights.*—The state holds the shores and beds of navigable streams in trust for the public, including riparian owners who have a special property as such independent of the public, the enjoyment of which does not conflict with the legal ownership of the state, or its substituted trustee.

3. *Judgment; Res Adjudicata; Matters Concluded.*—The recovery of the legal title to the shore of the navigable stream by a city as trustee for the public, in an action of ejectment, does not bar a suit by the adjoining riparian land owners to enjoin the infringement of his equitable right to the use of the shore.

4. *Navigable Waters; Possession by Riparian Owners; Operation and Effect.*—Possession and use by a riparian owner of the shore of navigable streams does not bar the title of the city to the shores held in trust for the public, especially so when the possession is consistent with the duty of the trustee and the right of the riparian owner.

5. *Same; Riparian Rights; Use of the Shore.*—As to the use of the shore on navigable tidal waters and on navigable non tidal waters, the right of the riparian owner is the same; on navigable title water the title extends to mean high water and on navigable non tidal waters the title extends to the line of mean low water.

6. *Same; Right to Wharf.*—On all water ways, whether tidal or not, the riparian owner has the right at common law to dock out to navigable water, subject to the rights of navigation and the rules of public control.

7. *Same; Riparian Rights; Nature and Extent.*—The right of a riparian owner on navigable streams is immutable and subject only to the exercise of eminent domain.

8. *Equity; Pleading; Motion to Dismiss Bill; Estoppel to Deny Allegation.*—The bill alleges that the defendant city recovered title to the premises in question on its trust title as trustee for the general public and the riparian owners particularly, and the city made a motion to dismiss the bill for want of equity. Held, such motion admits the allegation of the bill and estops the city from denying the trust relation.

9. *Injunction; Navigable Waters; Riparian Owners; Rights; Sufficiency of Allegation.*—It is sufficient if the wrong of exclusion be alleged without setting out the extent of complainant's improvement on shore in an action by a riparian owner to enjoin his exclusion from the use of the shore.

APPEAL from Mobile Chancery Court.

Heard before Hon. Thomas H. SMITH.

Action by the Mobile Transportation Company against the city of Mobile and others to enjoin interference with riparian rights. From a decree dismissing the bill for want of equity, plaintiff appeals. Reversed and rendered.

FREDERICK G. BROMBERG, and EUGENE H. LEWIS, for appellant. Fresh water rivers of whatever kind so ever belong to the owners of the soil adjacent thereto.—

*Smith v. Rochester,* 24 Am. Rep. 393. Therefore, the shore between high and low water mark belongs to the appellant.—*Bullock v. Wilson,* 2 Port. 436; *Webb. v. Demopolis,* 95 Ala. 116. This fact cannot be shown in a court of law.—*Mobile Trans. Co. v. City of Mobile,* 128 Ala. 335. It doeos not matter who holds the fee so long as public easement of navigation is maintained.— *Smith v. Rochester, supra.* To be of any use for the purpose of aiding navigation every pier and wharf must extend out to deep water and beyond low water mark.— *Illinois v. Ill. Cent. R. R. Co.,* 184 U. S. 94. Any obstruction of that right is a nuisance abateable in equity. —*Arrington v. Edwards,* 84 Am. Dec. 768; Gould on Waters (3rd Ed.), secs. 179, 513, 520 and 547. He has the same dominion and power to control such landing places as any other private property.—*Compton v. Hankins,* 90 Ala. 414; *Wharf Case,* 3 Bland. 361; *Post v. Pearsall,* 22 Wend. 425; *O'Neal v. Annett,* 27 N. J. L. 290; *Sword v. Edgar,* 59 N. Y. 28; *Steele v. Sullivan,* 70 Ala. 589. The Mobile river is a public highway.— Code 1896, secs. 2515-2517. It is so at common law.— 15 Ency. of Law, 250. The court judicially knows that the Mobile river is a navigable stream, and therefore, a highway.—*Olive v. The State,* 86 Ala. 88. The owner of land adjoining a highway has a right to use it by virtue of being an abutting owner.—15 Ency. of Law, 497; *Seaman v. The Mayor,* 80 N. Y. 239. A private citizen may maintain a suit in equity to enjoin any obstruction of a highway.—*Mayor v. Rodgers,* 10 Ala. 36; *Ogletree v. McQuaggs,* 67 Ala. 580; *Cabell v. Williams,* 127 Ala. 320; *Whaley v. Wilson,* 112 Ala. 630; *1st Nat. Bank v. Tyson,* 133 Ala. 473; Elliott on Streets and Roads, sec. 665; 2 Woods on Nuisances, sec. 778; 3 Pom. Eq. Jur. sec. 1349. The state owns the Mobile river as trustee for the purposes of navigation.—*Kemp v. Pollard,* 3

Ala. 294; *Abbott v. Kennedy,* 5 Ala. 395; *Mobile v. Moog,* 53 Ala. 561; *Guy v. Hermance,* 63 Am. Dec. 85; *Mobile Trans. Co. v. City of Mobile,* 187 U. S. 478; *Sullivan Timber Co. v. Mobile,* 110 Fed. 189; *Leverich v. City of Mobile,* 110 Fed. 170; *Turner v. City of Mobile,* 135 Ala. 73; *Sullivan v. Spottwood,* 82 Ala. 163; *Compton v. Hankins, supra.* The right is one by immemoriable usage to construct wharves on the Mobile river within the limits of the city.—Cases next above. It is so by positive grant under the charter. The appellant can invoke the Leverett decree as res adjudicata, for appellant's rights are in privity to one Emanuel, a party to that decree.—*Wood v. Montevallo Coal Co.,* 84 Ala. 564; *F. L. & T. Co. v. C. & A. Ry. Co.,* 44 Fed. 653; *Mitchell v. 1st Nat. Bank,* 180 U. S. 471; *Werlin v. New Orleans,* 177 U. S. 396. The finding of law and fact by the special master as to the Spanish and other grants covering the west bank of Mobile river within the limits of the city are as conclusive against the city as would have been a verdict of the jury in ejectment.—*Lbr. Co. v. Buchtel,* 101 U. S.. 68; *Davis v. Schwartz,* 155 U. S. 631. The banks of a river may be said to be that space of rising ground above low water mark which is usually covered by high water.—17 Ala. 789; 13 How. 381. Access to navigable waters cannot be taken from riparian owners without compensation except for the purpose of navigation.—*Scranton v. Wheeler,* 179 U. S. 141. The action of the city in bringing ejectment is in the nature of condemnation without compensation and this court will grant an injunction restraining such a suit.—*M. & M. Ry. Co. v. A. M. Ry. Co.,* 123 Ala. 160; *City Council v. Lemle,* 121 Ala. 609; *B. T. Co. v. B. Ry. Co.,* 119 Ala. 134; *Southern Ry. Co. v. Bir. Ry. Co.,* 131 Ala. 668; *Neihaus v. Cook,* 134 Ala. 220.

GREGORY L. & H. T. SMITH, for appellee.

TYSON, C. J.—In this case the appellant filed a bill to enjoin the enforcing of an exclusive possession of the shore of the Mobile river in front of its land under a writ of possession duly issued on a judgment in eject- ment.    The bill was dismissed on motion for want of equity, and this appeal is to reverse that decree.

No decree was entered upon the demurrer which was interposed to the bill, and therefore on this hearing we have only to deal with the question of error vel non in the decree as to the motion.   Of course, the very frame of the bill admits the effective assertion at law of the legal title of the city of Mobile, and the bill could not have equity if it contained merely legal objections to the validity of that title.   To be sustained it must show that the appellant has rights in equity in the locus in quo which are consistent with the legal title being in the city of Mobile, and which are jeopardized by the assertion of the legal title in the manner threatened and indicated in the bill.   The bill avers that the appellant is the riparian owner along the west bank of Mobile river, and that it and its predecessors in title have held, owned, and occupied this property for a great many years, and that under its right as a riparian owner to pass and repass over the shore from its land to the nav- igable waters of the river, as well as under and by long usage and immemorial custom, and its predecessors in title, to make the waterway available, had constructed ways and built wharves and piers in front of its land bordering on the river within the limits of the city of Mobile, and that it is so using its privileges of access to said water and occupying its said improvements as occasion demands, and that the appellee is about to fence off the shore and deprive it of any access whatever

to the river across the shore, and of the use and possession of its said improvements. So the question is whether the appellant has the right to use the shore to obtain access to navigation and to dock out to deep water to make the river available, notwithstanding the recovery in ejectment. This, in the language of the court in *Kane v. N. Y. E. R. R. Co.,* 125 N. Y. 185, 26 N. E. 278, 11 L. R. A. 640, is difficult of solution.

We will dispose first of the question of res judicata. There is nothing inconsistent in the existence of a legal title in a trustee, for government regulation and superintendence, and at the same time a possession and user under such qualification by the beneficiaries of the trust. —*Mayor of N. O. v. United States,* 10 Pet. (U. S.) 662, 9 L. Ed. 573. Nothing is more common in private transactions than the vesting of the legal title to property in a trustee, with the proviso that he will allow a cestui que trust to have designated rights and privileges in and to. the property. The ownership by the state of the shores and beds of navigable streams is a trust of a most solemn character for the public, including riparian owners. Such riparian owners are cestuis que trust under the trust, and they have a special property right, independent of the general public, the enjoyment of which in no wise conflicts with the lawful and proper exercise of legal ownership of the bed and shore of the river in the state, or its substituted trustee. The constitution of a trustee clothed with the legal title in such cases is for the preservation of such rights of the riparian owners and of the general public, and in no wise conflicts with the full use and enjoyment of all the privileges given by the trust. It is thus clear that the mere recovery in ejectment against the appellant of the locus in quo, and the influence of the decision of the case of *Turner v. Mobile,* 135 Ala. 77, 33 South. 132, which was

to enjoin the prosecution of an ejectment, in no wise conflict with the maintenance of this suit. These cases relate only to the assertion at law of the legal title of the trustee. This case relates to the equitable rights of the appellant, which it is claimed the trustee cannot violate with impunity, though possessed of the legal title.

The next question brings up the rights of a riparian owner under the alleged circumstances of this case. As a preliminary point, we desire to observe that we adopt as applicable to this case the position of this court taken in *Webb v. Demopolis,* 95 Ala. 134, 13 South. 289, 21 L. R. A. 62, in reference to laches and limitations operating against the title of the state to the bed, including the shore of a navigable stream. In that case it was held that laches and limitations could not bar the title of the city to its streets; and so here, upon much stronger grounds, the possession and use of the shore of Mobile river adjacent to the land of the appellant, and particularly when the possession was of a character entirely consistent with the duties of the trustee and the co-existent rights of the riparian owner, could never ripen into a legal title against the trustee in this case. But, if such possession could ripen into a legal title, the presumption must be that it did not do so, because the trustee recovered against it at law, showing the continued existence of the relation of trustee and cestui que trust between the parties. The motion to dismiss admits the allegation of the bill that the city of Mobile, as trustee for the public in general, and riparian owners in particular, recovered on such trust title the premises in question. The trustee is, therefore, estopped to deny the relation.

The question, then, is: Does the bill show equitable rights in the appellant which should be protected? The argument is very much pressed that the rights of riparian owners on navigable tidal waters and navigable

non-tidal waters differ, and that the right to use the shore in fresh waters depends on the legal title to the bed of the stream. We must reject such a distinction, except as to the title of riparian owners, in one case extending to the line of mean high tide, and in the other to the line of mean low water, as pointed out in *Webb v. Demopolis,* 95 Ala. 116, 13 South. 289, 21 L. R. A. 62, and *Mobile Transportation Co. v. Mobile,* 187 U. S. 479, 23 Sup. Ct. 170, 47 L. Ed. 266. If the bed of a river is · the vessel, as it were, holding the volume of navigable water constituting a highway, and the border or shore must be used and improved to make the highway available, the right to use it in the same manner and for the same lawful purpose cannot in reason vary on account of the water in one case being salt and in the other fresh, or because the variation of tide in the one is from the influence of the moon, and in the other from periodic or casual rains. The dedication of the highway as an incident carries with it, in the language of the French law, "the rights of acces and sortie," and, subject to the lawful control by the trustee for the preservation of the · public rights, and also subject to the right of eminent domain, there is an implied right to use the border or shore so as to make the navigation available, without respect to whether the shore is washed by salt or fresh water. We refer to the interesting discussion of this question in the cases of *Lyon v. Fishmonger's Co. L. R.* Appeal Cases (1875-76) 662, and *North Shore Railway · Co. v. Pion, L. R.* 14 App. Cases (1889) 612. We consider the question here involved decided by this court in the case of *Webb v. Demopolis,* 95 Ala. 132, 13 South. 289, 21 L. R. A. 62, where it was held that a city having a street bordering a navigable stream "has the power and authority which is implied from the location of this street, and the manifest purpose of its dedication, not

[Mobile Transportation Company v. City of Mobile, et al.]

only to make suitable and convenient approaches from the town to the water line, but also to make such structures or excavations, at and even beyond the water line, having regard to the rights of navigation, as are reasonably necessary and proper to enable the public to conveniently avail themselves of the right of commerce and transportation which the river offers." It is true this ruling has primary relation to the authority of the town under its charter to construct such works, but it proceeds upon the concession of the right of the riparian owner "to dock out to navigable water," "having regard to the rights of navigation." The court says, on page 131 of 85 Ala., page 294 of 13 South. (21 L. R. A. 62), that the easement of the street and of the navigable water are in juxtaposition, and thus that there is an interchangeable right of cross-entry. The fact that the riparion border has been erected into a street by the individual act of the owner could not, in the nature of things, enlarge or change the riparian rights against or as to the trustee of the bed and shore of the stream. Therefore the right of a city to erect wharves and to dock out to navigable water, as against such trustee, must be founded on the "ntural right" of the riparian owner so to do, whether the owner is an individual or a community. We entirely concur, then, in the views of the jurists who are shown, in these cases cited in the case of *Shively v. Bowlby,* 152 U. S. 1, 14 Sup. Ct. 548, 38 L. Ed. 331, to accord to riparian owners the right, "having regard to the rights of navigation," and the rules of public control, at common law to dock out to navigable water on all waterways whether tidal or not.

The shore and bed of a navigable stream being strictly trust property, servient to the uses of the navigation, they are as inalienable and as incapable of being severed

27 R

[Mobile Transportation Company v. City of Mobile, et al.]

from public use as the streets in a city—indeed, more so, because the former are founded on national compacts. It is utterly immaterial to the riparian owner who may become his trustee of the legal title of the shore and bed, as his rights are immutable, except upon the exercise of the paramount right of eminent domain. There is no analogy between the exercise of the rights of a riparian owner and the license of an absolute owner with respect to the occupation of realty. The trustee for the riparian owner is not an absolute owner, and the riparian owner himself only exercises the rights accorded to him by law in erecting and using suitable and proper ways, piers, and wharves to make the navigation available. Therefore there can be no ouster by the trustee without putting the cestui que trust in default. If the right contended for in this case, and justified by the decree, was allowable, the state of Alabama, or its vendees of the shore and bed of the river, might lawfully extend an impenetrable wall along the outer shore line from the Gulf of Mexico to the head of navigation along all its rivers, and allow no use whatever of the waterways. And the same might be done for the great Father of Waters. The right to do this in a single instance implies the universal right. We cannot agree to such a conclusion. And since "public sentiment from the earliest times to this day, and the whole course of legislative action have recognized a natural equity, so to speak, in the riparian owner, to preserve and improve the connection of his property with the navigable water. * * * a strong presumption arises against an implication of an intention on the part of the Legislature to violate such equity."—*New Jersey Zinc & I. Co. v. M. C. B. Co.*, 44 N. J. Eq. 398, 15 Atl. 227, 1 L. R. A. 1333.

It is insisted by the appellee that the particulars and extent of appellants' improvements were not sufficiently

set out.   If particularity was necessary, perhaps an amendment might cure the defect.   But we think the wrong of exclusion from the shore would itself be sufficient.—*Buccleuch v. M. B. Worns,* 5 L. R. (1869-72) Eng. & Irish App. Cases, 418.

We do not deem it necessary to discuss further the equitable right of the appellant to resist the ouster from its riparian rights proposed under the writ of ejectment. The question is discussed very fully and the authorities cited in *Shively v. Bowlby, supra; Miller v. Mendenhall,* 18 A. S. Rep. 226.   We particularly approve of the reasoning of the Supreme Court of New York in *Kane v. N. Y. E. R. R. Co.,* 125 N. Y. 184, 185, 26 N. E. 278, 11 L. R. A. 640.

We do not deem it necessary to go into the question of appellant's legal title, arising from the alleged fact that it is a riparian owner on a nontidal stream.   If such is the fact, against our judicial knowledge to the contrary on the trial of the ejectment suit, it will be open to the appellant to make the proof on a proper occasion.—4 Wigmore on Evidence, § 2567; *People v. Mayes,* 113 Cal. 618, 45 Pac. 860.   Whether it is available in this case in aid of the equitable defense, owing to the nonconclusive effect of a judgment in ejectment, it is unnecessary now to decide.   We rest the decision on equities alone.   We think the court erred in dismissing the bill, and accordingly the decree of the lower court is reversed, and a decree will be here entered overruling the motion.

Reversed and rendered.

SIMPSON, ANDERSON, and DENSON, JJ., concur.