# Alabama Great Southern Ry. Co. v. Cardwell.

*Damages for Injury to Employee.*

(Decided April 11, 1911.   55 South 185.)

1. *Master and Servant; Injury to Servant; Negligence of Superintendent; Liability.*—To authorize a recovery by its servants under subdivision 2, section 3910, Code 1907, for an injury, the injury must have been caused by the negligence of one entrusted with some superintendence while in the exercise of such superintendence.

2. *Same.*—The liability imposed by subdivision 4, section 3910, Code 1907, rests on the impropriety of the master's rules or of instructions, given by his authority, and it is only when the act causing the injury is in accordance with the master's rules that there is a liability; the master being bound to answer for any impropriety in the rule under which his business is carried on, whether there has been negligence or not.

3. *Same; Complaint.*—In an action for injuries to a railroad employee, a complaint alleging that the injuries were caused by an engine backing against a car and pushing the car against plaintiff, which backing was done in obedience to instructions negligently given by one delegated with the authority of the defendant company, states a cause of action under subdivision 4, section 3910, Code 1907.

4. *Same.*—In an action for injuries to a railroad servant caused by a car being pushed against him, a complaint alleging that injuries were caused by the negligence of the yard master, to whom the defendant company had entrusted superintendence of the car, and that the yard master negligently failed to signal the engineer to stop the engine which pushed the car against the plaintiff is fatally defective for failing to allege that it was the duty of the yard master to give the stop signal to the engineer.

[Alabama Great Southern Railway Co. v. Cardwell.]

. 5. *Same.*—A complaint under subdivision 2, section 3910, Code 1907, which alleges negligence of the servant entrusted with superintendence; but which does not allege facts showing that the negligence was in the exercise of such superintendence, is fatally defective.

6. *Pleading; Complaint; Cause of Action.*—A count must contain a logical statement of the cause of action, and must state all the facts constituting plaintiff's right, and his injury and consequent damages, and must state them with certainty, precision and brevity, to be good against demurrer.

7. *Same.*—A complaint based on a statutory right of action should follow the statutory terms and should state with substantial certainty all of the substantial facts necessary to constitute the cause of action.

8. *Same.*—A complaint should plead facts with such certainty as that they may be understood by the defendant, jury and the court.

9. *Same.*—While a complaint should allege the facts necessary to constitute the cause of action, it should allege facts only, and not arguments or mere inferences, or matters of law, nor should it set out the evidence necessary to prove the cause of action.

10. *Same; Complaint; Aided by Proof.*—Defects in a complaint are not cured by evidence supplying the omission of matter which rendered the complaint defective.

11. *Same; Construction.*—In construing pleading everything is taken most strongly against the pleader; hence, where the meaning is equivocal, or two meanings present themselves, that construction will be placed upon it which is most unfavorable to the pleader.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by Charles Cardwell against the Alabama Great Southern Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The complaint is as follows: Count 1: "Plaintiff claims of the defendant the sum of $20,000 as damages, and avers that the defendant, on, towit, January 8th, operated a line of railroad through Bessemer, Jefferson county, Ala., and operated within its yard limits in Bessemer, Ala., to propel cars in shifting and placing cars in said yard limits, a switch engine, and had in charge and control of its said switch engine one C. E. Hardy as a yardmaster, and who had intrusted to him by the defendant superintendence of said engine, cars,

and employees of the defendant at Bessemer, Ala., and on said date plaintiff was in the employment of the defendant on said yard as a foreman of the switching crew of the said switch engine, and in the operation of same in defendant's said yard at Bessemer, Ala., and under the supervision of said C. E. Hardy as yardmaster; that on, to wit, January 8, 1909, the plaintiff. C. E. Hardy, and the switching crew with defendant's said switch engine in said yard at Bessemer were engaged in weighing cars on the defendant's scales at Bessemer, Ala., in said yard which was being directed by said C. E. Hardy; that in propelling one of said cars upon the scales, and after said car had been uncoupled from the other cars attached to said switch engine, said car rolled past or beyond said scales, and was left uncoupled from said engine and other cars, and standing to itself, for the purpose of being weighed on said scales; that said C. E. Hardy, as yardmaster, and the plaintiff, acting under the direction and supervision of said C. E. Hardy, was engaged in shoveling or pushing said car back upon said scales to weigh same, and after said car had been uncoupled from said engine and other cars, and in pushing or shoving said car it was necessary for plaintiff to take hold of or roll the wheel of said car, leaving the view entirely obstructed between the plaintiff and said switch engine, and which was known to the said yardmaster, the said C. E. Hardy that notwithstanding plaintiff's peril and dangerous position under the said car, said C. E. Hardy as said yardmaster or superintendent permitted and allowed said engineer managing and operating said engine to propel said engine against said car, and propel said car upon or against the plaintiff, and as a proximate consequence thereof said car ran upon or against the plaintiff's leg [here follows the catalogue of injuries and

special damages], all to his great damage as aforesaid. And plaintiff avers his injuries were caused, and in the manner aforesaid, owing to and as a proximate consequence of the negligence of said C. E. Hardy, defendant's said yardmaster, and to whom the defendant had intrusted superintendence of plaintiff, and the operation of said engine and car in said yard, in this: Said C. E. Hardy, well knowing the plaintiff's dangerous and perilous position under said car, and well knowing said engine was being propelled against said car, said C. E. Hardy negligently permitted and suffered said car to be propelled and shoved upon or against plaintiff." (2) Same as 1, down to and including the word, "to his great damage as aforesaid," and adds the following: "And plaintiff avers that he was injured as aforesaid, and in the manner aforesaid, owing to and as a proximate consequence of the negligence of said C. E. Hardy, said yardmaster, who had intrusted to him superintendence by the defendant over the said car, engine, and the plaintiff, in this: Said C. E. Hardy negligently failed to notify or warn the plaintiff that said engine was being propelled against said car, at the time having a knowledge of the dangerous and perilous position of the plaintiff under said car, and with a knowledge that said engine was being propelled against said car." (3) Same as 1, down to and including the words, "to his great damage as aforesaid," and adds the following: "And plaintiff avers that his said injuries were caused, and in the manner aforesaid, owing to and as a proximate consequence of the negligence of said C. E. Hardy, yardmaster, and to whom the defendant had intrusted superintendence over the said car, and the said engine and switching crew, including the plaintiff, in this: Said C. E. Hardy negligently failed to signal the engineer in charge of the engine to stop, at the same time knowing

of the perilous position of plaintiff under said car, and with a knowledge that said engineer was propelling said engine against the said car." Count 5: "Plaintiff claims of the defendant the further sum of $20,000 damages, and avers that defendant, on to wit, January 8, 1909," continuing same as count 1, down to and including the words, "to his great damage as aforesaid," and adds the following: "And plaintiff avers that he was injuried and damaged as aforesaid, owing to and as a proximate consequence of the said engine backing up against said car and pushing or propelling said car upon or against the plaintiff as aforesaid, which was done in obedience to particular instructions to back said engine up against and shove said car, negligently given by the said C. E. Hardy, a person delegated with the authority of the defendant in that behalf."

The demurrers to the first three counts take the point that said count fails to show or aver that the said negligence of the said Hardy was committed whilst the said Hardy was in the exercise of the superintendence alleged, and that it was not averred or shown that it was the duty of said Hardy to notify or warn plaintiff that the said engine was being propelled against the said car; to the fifth count, that it does not show that the defendant, its agents or servants, violated any duty which it, or they, owed the plaintiff, and because the count shows that plaintiff was injured as a proximate result of the negligence of the fellow servant of the plaintiff, for which the defendant is not responsible, and then adds the other grounds of demurrer interposed to the other count.

A. G. & E. D. SMITH, for appellant. The demurrers to count 1 should have been sustained.—*So. C. & F. Co. v. Bartlet,* 34 South 20; *Bear Creek M. Co. v. Parker,* 134

[Alabama Great Southern Railway Co. v. Cardwell.]

Ala. 293; *Boyd v. Indian Head Mills*, 31 South. 89; *Freeman v. Sloss-S. S. & I. Co.* 34 South. 612; *Dantzler v. DeBardelaben C. & I. Co.* 101 Ala. 209; 1 Dresser, 82, et seq. For the same reason demurrers should have been sustained to the 2nd count. The 3rd count was defective for the reasons above stated, and for the further reason that it fails to show a duty of the yardmaster to signal the engineer.—*Brown v. L. & N.* 111 Ala. 290; *Jones' case*, 92 Ala. 218. There was a material variance between the allegations of this count, and the evidence. While it may not have been necessary for the specific averments to have been made that it was the duty of the plaintiff to take hold of or roll the wheel of the car, yet having been made, it is necessary that they be proven.—*A. G. S. v. McWhorter*, 47 South. 84; *H. A & B. R. R. Co. v. Maddox*, 100 Ala. 618; *Hood v. Pioneer M. & M. Co.* 95 Ala. 461; *Stewart v. Tucker*, 106 Ala. 319. It is also averred in each count that the yardmaster knew of plaintiff's position and danger.—*Brown v. L. & N. supra; Johnson v. B. R. L. & P. Co.* 149 Ala. 529. The general charge should have been given for the defendant because several of its pleas were proven without dispute.—*Jones v. Collins*, 80 Ala. 108; *M. & C. Ry. Co. v. Martin*, 131 Ala. 269; *Roach's case*, 110 Ala. 271; *R. R. Co. v. Mothershed*, 97 Ala. 216. Charge 6 should have been given as to count 5.—*A. G. S. v. Vail*, 142 Ala. 134; *Postal T. Co. v. Hulsey*, 115 Ala. 193; *R. R. Co. v. Davis*, 92 Ala. 300; *Laughran v. Brewer*, 113 Ala. 509; *Dantzler v. DeBardelaben C. & I. Co. supra.* Under these authorities, it is insisted that the court erred in refusing charges 1, 2, 3, 4, 5. Charge 20 should have been given.—*Roach's case supra; Andrews' case*, 99 Ala. 438; *Worden's case*, 94 Ala. 277.

PINCKNEY SCOTT, for appellee. Counsel discusses the demurrers to count 1, criticizes the authorities cited by appellant, and conclude that there was no error in overruling demurrer thereto. He insists that count 2 was good upon the authority of *Reiter-Connelly M. Co. v. Hamlin,* 144 Ala. 205. Counsel also insists that count 3 was good. The question of contributory negligence was one for the jury.—*Going v. Ala. S. & W. Co.* 141 Ala. 537. The burden was on the defendant to establish it.—*Sloss-S. S. & I. Co. v. Mobley,* 139 Ala. 425. The court properly declined to give the charges requested.— *Reiter-Connelly M. Co. v. Hamlin, supra.*

MAYFIELD, J.—A count under subdivision 2 of the employer's liability act, to be sufficient to withstand appropriate demurrer, must allege, in effect, that the injury complained of was caused by reason of the negligence of some person in the service of the master, who had some superintendence intrusted to him, whilst in the exercise of such superintendence. It must do so because the statute says so. Subdivision 2, § 3910, Code 1907. Unless the negligent servant is intrusted by the master with some superintendence, and unless the negligence complained of occurred whilst he was in the exercise of such superintendence, there can be no liability under the second subdivision, no matter what other liability may result. It is as necessary to liability under this subdivision that the negligence occur whilst in the exercise of superintendence as that the negligent superintendent be intrusted with superintendence. The statute expressly makes both requisite to liability, and the courts cannot dispense with either.

A count, under our Code system, in order to be good against an appropriate demurrer, must contain a logical statement of the cause of action. It must state all

the facts which constitute plaintiff's right, and his injury, and the consequent damages, and must state them with certainty, precision, and brevity. A general statement of facts which admits of almost any proof to sustain it is objectionable. There are, however, some exceptions, not necessary to be mentioned here.

When the law has affixed appropriate and technical terms to describe a crime or a statutory right of action, it is always safest to follow those terms which the statute prescribes. As said by Lord Coke, it is safer to follow good precedents, for nihil simul inventum est, et perfectum. No averment need be made which the law does not require to be proven; but all the substantial facts necessary to constitute the cause of action must be stated with substantial certainty. What was said by the Supreme Court of Massachusetts relative to the practice act of that state is applicable to our Code system of pleading.

Facts must be set forth with certainty, so that they may be understood by the party, who is to answer them, by the jury, who are to ascertain the truth of the allegation, and by the court, who is to give judgment thereon.—*Reed v. Smith,* 1 Allen (Mass.) 521, 522; *Brettun v. Anthony,* 103 Mass. 40; 1 Chitty, Pl. pp. 256, 331. Likewise the Supreme Court of North Carolina, speaking of the Code pleading, says: "We take occasion here to suggest to pleaders that the rules of the common law as to pleadings, which are only rules of logic, have not been abolished by the Code. Pleadings should not state the evidence, but the facts, which are the conclusions from the evidence, according to their legal effect, and complaints should especially avoid wandering into matter which if traversed would not lead to a decisive issue."—*Crump v. Mims,* 64 N. C. 771.

Another rule of pleading common to both code and common-law pleadings is that everything must be taken most strongly against the party pleading. If the meaning be equivocal, and two meanings present themselves, that construction shall be adopted which is most unfavorable to the party pleading, because it is to be presumed that every person states his case as favorably to himself as possible.

For example, take the counts in this case seeking to declare under the second subdivision of the employer's act. They do not allege that the negligence of the superintendent occurred whilst he was in the exercise of such superintendence, yet the statute only makes the master liable under this subdivision, when the negligent act of the servant causing the injury is that of a person intrusted with superintendence, and then only when he is in the exercise of such superintendence. While the counts do allege that the negligent person was intrusted with superintendence, they do not allege or attempt to allege that the negligence was in the exercise of the superintendence intrusted to him. If it appears from any of these counts that the superintendent was in the exercise of superintendence when he committed the negligent acts complained of. it rests in inference only, for there is no allegation of such fact. Material allegations cannot be left to inference; they must be distinctly alleged, to withstand an appropriate demurrer.

A complaint or declaration being the statement in a logical form of the facts which constitute the plaintiff's cause of action, a count under subdivision 2 of the employer's act must state the facts which constitute plaintiff's cause of action under that subdivision. Whatever facts or circumstances are necessary to constitute the cause of action must be stated. All others are unnec-

essary. Facts only are to be stated, not arguments, or inferences, or matters of law, of which courts take judicial notice. A count might be bad on demurrer, though it set out all the evidence necessary to prove a cause of action. Pleadings are not for the purpose of setting out the evidence, but the facts established or to be established by the evidence.

For example the evidence in this case may have shown that the superintendent was in the exercise of superintendence when he committed the alleged negligence, but that cannot cure a defect in the pleading by supplying a material or necessary allegation which was omitted from the pleading. Proof without allegation is as impotent, as is allegation without proof. As a rule a plaintiff is neither required or allowed to disprove matters not alleged or that are not in issue. It is for these reasons that the issues should be certain, and the pleadings should be the sole expositors of the issues, so that the evidence may be confined to them.

The first, second, and third counts are each defective in failing to allege that the negligence of Hardy, the superintendent, was committed whilst he was in the exercise of the superintendence intrusted to him; and the third, also, because it did not allege that it was the duty of Hardy to signal the enginer to stop the engine as complained of. The demurrers to these counts took these points, and it was therefore reversible error to overrule them. The necessary allegations could not be supplied by proof for the reasons set forth.

Count 5 was sufficient to state a cause of action under the fourth subdivision of the employer's act, and the demurrers thereto were properly overruled.—*Reiter-Connolly Co. v. Hamlin,* 144 Ala. 193, 40 South. 280.

Subsection 4 differs materially from all other subdivisions under the employer's act, in that it involves no

inquiry as to the negligence of the person or servant whose act or omission caused the injury. It rests upon impropriety of the master's rules, by-laws, or instructions given by his authority. It is only when the act or omission causing the injury is in accordance with the master's rules, by-laws, or orders that there can be liability under this subdivision. If the servant or person acts contrary to the rules, by-laws, or orders of the master, and thus causes injury, there may be liability under some other subdivision, but not under the fourth. It therefore contemplates cases in which no authority or discretion is vested in the person causing the injury. He may be an inferior or a fellow laborer of the person injured.

This subdivision requires that the act or omission relied upon must be done or made "in obedience to" the rules, by-laws, or instructions. If the act or omission is itself negligent, in that it did not conform to the rules, by-laws, or instructions, then, of course, there can be no liability under this subdivision. Under the other subdivisions, the master is made liable by virtue of the statute for the negligence or wrong of his servant; but under this one (subdivision 4) the master is liable because some servant acted in accordance with the rules, orders, or instructions of the master. That is, the master is liable in this case, though the servant may not be, because he acted in accordance with the rules or instructions of the master. It is the master's or vice principal's wrong in case of corporations as to rules, by-laws, or instructions as to which this subdivision imposes liability upon the master. The master is bound to answer for any impropriety in the rules or by-laws under which his business is carried on, whether there has been any negligence on his part or not, and he may be liable as for this, though he may have taken due care to

employ competent persons to formulate his rules and by-laws. This subdivision presents one of the nondelegable duties of the master, to. the end that a safe system for the conduct of his business is adopted and adhered to. 2 Labatt, Master & Servant, §540.

For the errors indicated, the judgment is reversed and the cause is remanded.

Reversed and remanded.

SIMPSON, ANDERSON, and McCLELLAN, JJ., concur.