McDONNELL et al. v. MURNAN SHIP-
BUILDING CORPORATION.
(1 Div. 283.)

(Supreme Court of Alabama. Jan. 24, 1924.)

1. Navigable waters ⬅43(5)—Complaint held to state cause of action for statutory charge for using piles.

Complaint in action by riparian proprietor to recover statutory charge of 5 cents a day for each log or stick of timber of the defendant fastened to piles maintained by plaintiffs in front of their property *held* to state a cause of action under Code 1907, § 4818.

2. Pleading ⬅63—Safe to follow language of statute.

In stating a statutory right of action, it is safe to follow the language the statute prescribes.

3. Pleading ⬅8(6)—Conclusion may be pleaded upon right of action conferred by statute.

An allegation that "plaintiffs lawfully maintained the piles," in an action by riparian proprietors to recover statutory charge of 5 cents a day for each log fastened to piles in front of plaintiff's property, under Code 1907, § 4818, was not objectionable because stating a conclusion of the pleader, being substantially in the language of the statute.

4. Navigable waters ⬅43(2)—Riparian owner may construct wharf, pier, or piles.

A riparian proprietor, whose land is bounded by a navigable stream, has a right of access to the navigable part thereof in front of his land, and to construct a wharf, pier, or piles projecting into the stream for his own use or the use of others, but this right is subject to such rules and regulations as the Legislature may prescribe for the protection of the public.

5. Navigable waters ⬅43(2)—Paramount right of United States under constitutional authority.

The right of riparian proprietor, whose land is bounded by a navigable stream, to construct a wharf, pier, or piles into the stream under state laws and regulations is subject to the paramount right of the United States under its constitutional authority.

6. Statutes ⬅239—Statutes imposing toll strictly construed.

Statutes imposing toll, being in derogation of common right, are strictly construed.

7. Navigable waters ⬅43(5)—Policy of state opposed to collection of toll by riparian owners.

Const. 1901, § 24, discloses the policy of the state as opposed to the collection of toll

by riparian owners on navigable streams, unless expressly authorized by law.

**8. Navigable waters ☞43(5)—Collection of statutory charge by riparian owner for fastening logs to piles as "lawful" structure not warranted by showing easement by custom.**

Riparian proprietors, in an action under Code 1907, § 4818, to recover statutory charge of 5 cents a day for each log· fastened to piles maintained in front of their property on a navigable stream, do not make out a prima facie case by merely showing a prima facie case as to the exercise of easement created by immemorial custom to riparian owners in the state; the statute specifically requiring that riparian proprietors must have lawfully erected or maintained the structures; the word "lawful" meaning "permitted; not forbidden by law; conformable to law."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Lawful.]

**9. Navigable waters ☞43(5)—Piles maintained in violation of law not "lawful" under statute permitting charge for fastening logs.**

If riparian owners on a navigable stream maintained piles in violation of some rule or regulation of the state harbor commission, or in violation of some federal authority, it cannot be said that they were maintained lawfully or conformable to law, within the meaning of Code 1907, § 4818, permitting riparian proprietors to recover charge of 5 cents a day for each log fastened to them.

**10. Navigable waters ☞43(5)—Complaint for statutory charge for logs fastened to piles must allege lawful maintenance.**

A complaint in an action under Code 1907, § 4818, to recover statutory charge of 5 cents a day for each log fastened to piles in front of plaintiff's property, must show a compliance with all lawful rules and regulations, and is subject to demurrer when it does not so show.

**11. Navigable waters ☞43(5)—Complaint for charge for fastening logs to piles need not claim lien.**

A complaint under Code 1907, § 4818, to recover statutory charge of 5 cents a day for each ·log fastened ·to piles maintained by riparian proprietors, need not claim a lien on the logs as provided by sections 4819, 4820; the latter provisions not being intended to prevent a recovery for the sum due when no necessity for attachment exists.

**12. Navigable waters ☞43(5)—Count held not to state cause of action for interference with riparian right of access to water.**

Count in action by riparian proprietors against one erecting piles and attaching logs and timbers thereto *held* demurrable as entirely failing to show that defendants interfered with plaintiffs' right of access· to deep water, or otherwise caused any damage or loss to them.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Action by William F. McDonnell and James F. McDonnell, as executors of the estate of Kate McDonnell, deceased, against the Murnan Shipbuilding Corporation. Following adverse rulings on the pleadings, plaintiffs take a nonsuit and appeal. Reversed and remanded.

Count 3 of the original complaint is as follows:

"(3) Plaintiffs claim of the defendant $5,000, for that heretofore, while the plaintiffs were the owners of lots No. 6 and No. 8 of Blakely Island, in the county of Mobile, state of Alabama, which had a front on Mobile river, and were in possession thereof, the defendant erected in front of said property in the waters of the state of Alabama certain piles, and attached thereto a number of rafts, logs, and sticks of timber or wood during the months of June, July, August, September, and October, 1921, all to the great damage of the plaintiffs, wherefore they sue."

Count 1 of the complaint as last amended is as follows:

"(1) The plaintiffs claim of the defendant the sum of $5,000, for that heretofore, to wit, during the months of April, May, June, July, August, September, and October of the year 1921 the plaintiffs were the proprietors of lot No. 6 of Blakely Island, in the county of Mobile, state of Alabama, and were in possession thereof, and the plaintiffs aver that said lot was on the east side of Mobile river and fronted on said river, and the plaintiffs aver that during said months they lawfully maintained in said river, directly in front of said lot, and between the high-water mark of said lot and the east harbor line of said Mobile river, a number of piles such as the plaintiffs were authorized to maintain, which said piles were during said months maintained at a distance of, to wit, 10 feet from the high-water mark of said lot, and the plaintiffs further aver that the said piles as so maintained by them did not obstruct the free navigation of said river, and that while they were so maintained by the plaintiffs the defendant from time to time during said months fastened rafts, logs, and sticks of timber or wood to said piles, and allowed them to remain fastened thereto for many days, wherefore the plaintiffs sue for the recovery of 5 cents per day for every log or sticks of timber or wood so fastened to any of said piles."

Count 2, as amended, claims as to lot No. 8. Counts A and B claim, respectively, as to lots 6 and 8, and differ from counts 1 and 2 in the averment that the "piles as so maintained" by plaintiffs "did not materially obstruct the navigation of said river," etc.

Harry T. Smith & Caffey, of Mobile, for appellants.

An allegation that plaintiffs were maintaining piling in front of their riparian lots, and that the defendant used them by tying logs to them creates a prima facie case, and casts on defendant the burden of alleging and proving facts sufficient to rebut it. L. & N. R. R. v. Dawson, 11 Ala. App. 621, 66 South. 905; N., C. & St. L. Ry. v. Crosby, 183

Ala. 237, 62 South. 889; W. U. Tel. Co. v. Howington, 198 Ala. 311, 73 South. 550; T. C. & I. R. R. v. Bridges, 144 Ala. 229, 39 South. 902, 113 Am. St. Rep. 35; So. Ry. Co. v. Hobson, 4 Ala. App. 408, 58 South. 751; Lewis v. Bruton, 74 Ala. 317, 49 Am. Rep. 816. The complaint affirmatively shows the maintenance of the piles was lawful. Engs v. Peckham, 11 R. I. 210, 224; Dawson v. Broome, 24 R. I. 359, 53 Atl. 151, 155, 156; Groner v. Foster, 94 Va. 650, 27 S. E. 493; 4 Words and Phrases, 3215.

Stevens, McCorvey, McLeod & Goode, of Mobile, for appellee.

Statutes imposing toll, being in derogation of common right, are strictly construed. Gould on Waters (3d Ed.) 145. Since they must rely solely upon section 4818 to recover the plaintiffs must in their complaint show that they are riparian proprietors, that the piles were erected or maintained lawfully by them, and that these piles were in front of plaintiffs' property in waters of this state. Code 1907, § 4818. Allegations that the piles were "lawfully" maintained, or "were such as the plaintiffs were authorized to maintain," state only conclusions. Blackman v. Mauldin, 164 Ala. 337, 51 South. 23, 27 L. R. A. (N. S.) 670; Mauldin v. Central of Ga. Ry. Co., 181 Ala. 591, 61 South. 947. The complaint is defective, in that it does not claim or seek to enforce a lien for the charge against the property to which such lien attached. Code 1907, §§ 4819–4821.

GARDNER, J. Plaintiffs as riparian proprietors seek to recover of the defendant the statutory charge of 5 cents a day for each log or stick of timber the defendant fastened to certain piles alleged to have been maintained by the plaintiffs in front of their property situated on the banks of the Mobile river.

The suit is brought under the provisions of section 4818 of the Code of 1907. The demurrer to the complaint as originally framed and subsequently amended having been sustained, plaintiffs took a nonsuit and appeal.

Counts 1 and 2 as last amended and counts A and B, added by amendment, disclose that plaintiffs were the proprietors of certain lots on Blakely Island, upon the east side of Mobile river fronting thereon, and that the plaintiffs lawfully maintained in said river, directly in front of said lots, and between the high-water mark thereof, and the east harbor line of said river, a number of piles, such as the plaintiffs were authorized to maintain, and the piles as so maintained did not obstruct the free navigation of said river. While they were so maintained by the plaintiffs, the defendant from time to time, during the months therein named, fastened logs and sticks of timber, and allowed them to remain fastened thereto for many days.

[1, 2] We are of the opinion that these counts introduced in the last amendment of the complaint were sufficient as against the demurrer interposed thereto. The averments follow substantially the language of the statute giving the right of action. In A. G. S. R. R. Co. v. Cardwell, 171 Ala. 274, 55 South. 185, this court said, in stating a statutory right of action, it is safe to follow the language the statute prescribes. See, also, Blanchard-Hamilton Furniture Co. v. Colvin, 32 Ind. App. 398, 69 N. E. 1032; Pittsburgh, C., C. & St. L. R. Co. v. Newsom, 35 Ind. App. 299, 74 N. E. 21.

[3] It is insisted by counsel for appellee that the averment, "plaintiffs lawfully maintained the piles," states but a conclusion of the pleader, and that facts should have been stated rather than such conclusion—citing in support thereof Mauldin v. Cent. of Ga., 181 Ala. 591, 61 South. 947, and Blackman v. Mauldin, 164 Ala. 337, 51 South. 23, 27 L. R. A. (N. S.) 670. These authorities, however, were not dealing with the sufficiency of the complaint upon a right of action conferred by statute following substantially the language of the statute, and they do not therefore militate against the conclusion which we have here reached. The trial judge therefore erred in sustaining the demurrer to the complaint as last amended.

Counsel for appellants insist, however, the complaint was sufficient as originally filed. This argument is based upon the theory that the complaint discloses the piles were rightfully placed in the river in front of their lots by virtue of their rights as riparian owners.

[4] By immemorial usage and custom in this state the doctrine is recognized that a riparian proprietor, whose land is bounded by a navigable stream, has a right of access to the navigable part thereof in front of his land, and to construct a wharf, pier, or piles projecting into the stream for his own use or the use of others; but this right is subject to such rules and regulations as the Legislature may prescribe for the protection of the public. Turner v. City of Mobile, 135 Ala. 73, 33 South. 132; Mobile Trans. Co. v. City of Mobile, 153 Ala. 409, 44 South. 976, 13 L. R. A. (N. S.) 352, 127 Am. St. Rep. 34; Sullivan Timber Co. v. City of Mobile (C. C.) 110 Fed. 186; Shively v. Bowlby, 152 U. S. 1, 14 Sup. Ct. 548, 38 L. Ed. 331.

[5] This right accorded to riparian owners is subject to the rights of navigation and the rules of public control, and all state laws and regulations with respect to navigable waters and rights acquired thereunder are subject to the paramount right of the United States under its constitutional authority. 10 U. S. Comp. Stat. (1916) § 9910, note 1, and authorities therein cited.

The act creating the state harbor commission and defining its duties and powers (Gen. Acts 1915, p. 678) recognizes this superior

authority of Congress, and also authorizes the state harbor commission to make rules and regulations as to matters pertaining to such navigable waters and the erection of wharves, piers, and other such structures therein.

[6, 7] "Statutes imposing toll, being in derogation of common right, are strictly construed." Gould on Waters, § 145. The provisions of § 24 of the Constitution of 1901 clearly disclose the policy of this state as opposed to the collection of any such toll as here involved unless expressly authorized by law.

[8] We are therefore of the opinion that the plaintiffs do not make out a prima facie case for the collection of this statutory charge by merely showing a prima facie case as to the exercise of this easement created by immemorial custom to riparian owners in this state. Section 4818, Code 1907, specifically requires that for the collection of this toll the riparian proprietor must have lawfully erected or maintained the structure. The definition of "lawful" pertinent to the language used in this statute is as follows, "permitted; not forbidden by law; conformable to law." New Standard Dictionary.

[9] If these piles are maintained by the plaintiffs in violation of some rule or regulation of the state harbor commission, or in violation of some federal authority, then it cannot be said that they are maintained conformable to law; they would be forbidden by law rather than permitted.

[10] In view of the strict rule of construction in cases of this character, we think it incumbent upon the plaintiffs to show a compliance with all lawful rules and regulations, and that therefore the counts of the complaint were subject to demurrer as they appeared previous to the last amendment.

[11] The insistence by counsel for appellee that the complaint is defective for a failure to claim a lien on the logs, as provided by sections 4819, 4820, is without merit, as these provisions were clearly not intended to prevent recovery for the sum due when no necessity for attachment exists. We also think the complaint shows the plaintiff to come within the class of riparian proprietors, entitled to the benefits of the above-cited statute.

[12] Counsel for appellants have in their brief treated each of the counts of the complaint as seeking the statutory recovery. So viewed, count 3 was clearly subject to demurrer, as it did not allege that the plaintiff had either erected or maintained the piles, but on the contrary, averred that the piles were erected and maintained by the defendant. Should, however, this count be considered upon any other theory, we think it still insufficient, as it entirely fails to show that the defendants have interfered in any manner with plaintiff's right of access to deep water

or otherwise caused any damage or loss to them. A. G. S. R. R. Co. v. Cardwell, supra.

For the error indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE, and MILLER, JJ., concur.