134 So.2d 209

STATE of Alabama ex rel. MacDonald GALLION, Atty. Gen.,

v.

George ARGIRO et al.

HUDSON OIL COMPANY OF MISSOURI et al.,

v.

George ARGIRO et al.

l Div. 888, 889.

Supreme Court of Alabama.

Nov. 2, 1961.

Johnston, McCall & Johnston, Mobile, and Chason & Stone, Bay Minette, for appellees.

MacDanold Gallion, Atty. Gen., Wm. G. O'Rear, John D. Bonham and Bert S. Nettles, Asst. Attys. Gen., and Van Antwerp & Rector, Mobile, for appellants.

**46**

SIMPSON, Justice.

1 Div. 888 and 1 Div. 889 are two separate cases, but the evidence by agreement of parties were taken together and both cases were argued and submitted together. We consider the cases in order.

### 1 Div. 888

The appellant, State of Alabama, instituted the suit by filing a bill to quiet title to about one quarter of an acre of land in Baldwin County, Alabama, identified as Parcels One and Two, being land adjacent to and lying on the south side of the Mobile Bay Bridge Causeway, a section of U. S. Highway 90, and lying southwesterly of Fractional Section 20, Township 4 South, Range 1 East, St. Stephens Meredian, Baldwin County, Alabama, and to the east of the Tensaw River Bridge.

The purpose of the suit was to fix the status of the land in respect to ownership—to reestablish by decree muniments of title to the disputed land. The parties went to trial on the issues raised by the bill of complaint, as last amended, and the answer. The evidence was heard ore tenus before the court and was submitted for final decree upon the pleadings and evidence thus taken. Final decree was entered by the court, dismissing the bill, with prejudice, decreeing that appellant had no right, title, interest or ownership in or to the lands described in its bill of complaint and taxed the costs accordingly. The assignments of error challenge the correctness of this ruling.

The appellant argues that since title was in the State in the shore line at the line of ordinary high tide when it was admitted into the Union, and that the parcels of land in dispute were accreted to the State's property, therefore, the accreted land belonged to the State. The evidence was in strict conflict as to how much land existed south of the Mobile Bay Causeway; whether there existed any land there at all; and if there did exist some land, whether it was hard, fast, natural land or man-made or by accretion. On this material conflict in the evidence the court resolved the issue in favor of appellees.

Giving due accord to the rule of review in such cases, we are at the conclusion that the decree in 1 Div. 888 must be ordered affirmed. Bryan v. Bryan, 271 Ala. 625, 126 So.2d 484; Ray v. Richardson, 250 Ala. 705, 36 So.2d 89; Appeal & Error ⊂⊃1001 (1).

For this Court to consider the "accretion apportionment" doctrine as suggested by the appellant, in the alternative, there must have been natural accretions present against the shore line of two or more contiguous upland owners. In the instant case there was no proof which was not in conflict that these parcels were created by natural accretion, nor whether the appellant was an upland owner. On the contrary, there was evidence that appellees had title to land south of the right of way of the State and between the shore line of Mobile Bay, that the land was hard, fast land, and an original part of the peninsula on which the right of way was obtained. On this conflicting evidence, therefore, we are unwilling to reverse the decree of the trial court and apply the aforestated doctrine.

Affirmed.

LIVINGSTON, C. J., and GOODWYN, MERRILL and COLEMAN, JJ., concur.

### 1 Div. 889

In this case appellees Argiro and Clikas filed a bill of complaint in the Baldwin Cir-

cuit Court in Equity seeking a permanent injunction against appellant Hudson Oil Company to prevent Hudson from entering upon the land adjoining the westerly boundary of appellees' land and from obstructing and cutting off appellees' access to the navigable waters of the Tensaw River. The injunction was sought to prevent appellant from further filling in the property as leased from the State of Alabama and from interfering with the natural flow or drainage of surface waters from appellees' property, and for other incidential relief.

The trial court in its decree found that Hudson Oil Company had filled in the bottoms of Mobile Bay and the Tensaw River which adjoined and was contiguous on the east to the lands of appellees for a distance of 100 feet south of the right of way of U. S. Highway 90 and westwardly for a distance of 600 feet; that such built up land impedes and cuts off appellees' riparian rights of ingress and egress westwardly from their lands to the Tensaw River. The decree also ordered appellant to remove the built up land and restore appellees' channel in the direction of the Tensaw River. The decree also specified that all the property of Hudson situated on this land would be condemned in favor of appellees if it failed to respond to the orders of the court in this respect.

The court further decreed that neither appellant nor the State of Alabama had any right, title, or interest in or to the said built up land so filled in and created by appellant. Appellant was also enjoined from filling in and building up the remaining portion of land leased by the State to it.

■ In order to determine whether appellant had interfered with the appellees' alleged riparian rights of access from their property, the surrounding lands and waters must be canvassed to determine whether, in fact, any such right existed. The appellees' uplands front upon the tide waters of Mobile Bay, which is a body of navigable water, and land under the Bay is State land and of course may be leased by the State subject to the superior right of navigation vested in the United States for the benefit of all the public for the purposes of navigation, etc. United States v. Turner, 5 Cir., 175 F.2d 644, certiorari denied 338 U.S. 851, 70 S.Ct. 92, 94 L.Ed. 521.

For the purpose of developing a portion of Mobile Bay Bridge Causeway the State of Alabama, through its duly constituted officers, leased the area in question to appellant. This it had the right to do. Turner's case, supra; Mobile Transportation Co. v. City of Mobile, 187 U.S. 479, 23 S. Ct. 170, 47 L.Ed. 266, affirming 128 Ala. 335, 30 So. 645, 64 L.R.A. 333; State ex rel. Attorney General v. Alabama Power Co., 176 Ala. 620, 58 So. 462; City of Mobile v. Eslava, 9 Port. 577, 33 Am.Dec. 325; 1 Farnham on Waters, § 536.

■ On close scrutiny of the evidence in the voluminous record, together with the exhibits, it is manifest that all the area leased to appellant by the State is located and situated in Mobile Bay and not the Tensaw River. Appellant's property line did not encroach upon, but joined appellees' Parcel No. 1 at its northwest corner, that being the northeast corner of appellant's property. The course of appellant's southern bulkhead line is in Mobile Bay and runs substantially east and west. The front of appellees' land by which their riparian right of access to navigable waters exists is the portion of their land lying east of appellant's fill and thus no riparian rights exist to give appellees a channel running from appellees' land laterally westwardly to the Tensaw River, as was decreed by the trial court. Appellees have no right to a bee-line route of access from their property laterally in a westwardly direction to the Tensaw River, about 2,400 feet away, since their right of access as riparian owners is to the navigable waters of Mobile Bay in front of their uplands which according to the evidence is not affected by appellant's improvements.

In McDonnell v. Murnan Shipbuilding Corp., 210 Ala. 611, 613, 98 So. 887, 889, the principle was thus declared:

"By immemorial usage and custom in this state the doctrine is recognized that a riparian proprietor, whose land is bounded by a navigable stream, has a right of access to the navigable part thereof in front of his land, and to construct a wharf, pier, or piles projecting into the stream for his own use or the use of others * * *."

The right of a riparian owner on navigable waters to obtain access thereto exists only as a way of necessity to reach navigation and since the evidence clearly shows that appellees had such a way in front of their property, the learned trial court, in our view, erroneously decreed a right of way of necessity westwardly to the Tensaw River some 2,400 feet away. United States v. Turner, supra; Mobile Dry-Docks Co. v. City of Mobile, 146 Ala. 198, 40 So. 205, 3 L.R.A.,N.S., 822; Potomac Steam-Boat Co. v. Upper Potomac Steam-Boat Co., 109 U.S. 672, 3 S.Ct. 445, 27 L.Ed. 1070.

65 C.J.S. Navigable Waters § 67 (a) states the apposite principle:

"A riparian owner's right of access to the navigable water in front of the upland comprehends, necessarily and justly, whatever is needed for the complete and innocent enjoyment of that right. The owner of the uplands may not so exercise his right of passage or access to the channel as to destroy or unreasonably interfere with the right of the state to put its own land to such use as it may think proper, or in such a way as to prevent other persons to whom the sovereign has granted the bed of the river, or some portion of it, from using their own property in a reasonable way. The right of access and of navigation does not include any right arising from the use of the land under water or the bed of the river below high-water mark."

The conclusion we reach is made apparent from the testimony of Mr. Argiro and some of his witnesses. This testimony showed that there was no channel running from the Argiro property to the Tensaw River but that one could be made; that appellant's fill had not interfered in any manner with the navigation from the "Bay Breeze" located on appellees' property to Mobile Bay and that one can go straight out from the front of appellees' land in a southerly direction and reach a deep water channel from which a person could then turn to the right and reach the waters of the Tensaw River. As shown by aerial maps and photographs and other evidence no portion of appellees' land fronts, borders, or abuts upon the waters of the Tensaw River, but as stated, the westernmost point of appellees' land is some 2,400 feet from the east end of Cochran Bridge, the highway bridge built in the confluence of the Mobile Bay and Tensaw River. The evident conclusion must be that appellant Hudson Oil Company has violated no legal right of appellees as riparian proprietors of land fronting on Mobile Bay and access to the navigable waters of the Bay from which the Tensaw River may be reached. The reason the law confirms a right of access in front of a riparian owner's land to navigable waters and not laterally in such a situation as here presented is well illustrated in the instant case. To allow appellees the paramount right of access to navigable waters laterally from their land westwardly to the Tensaw River upon which appellees are not riparian proprietors would do violence to the legal principles governing such situations and interfere with future development and improvement along the shore line of the Mobile Bay Bridge Causeway.

From these considerations the conclusion is also apparent that the learned trial court erred in that phase of the decree ordering a condemnation of the property of appellant in favor of appellees. No authority could exist in appellees to exercise any right of eminent domain. § 23, Article

1, Constitution of Alabama 1901; Pollard v. Hagan, 3 How. 212, 44 U.S. 212, 11 L.Ed. 565.

After a painstaking study of all the evidence in the case and a review of the applicable authorities we conclude that the decree below was laid in error and one will be here rendered in favor of the appellant and dismissing the bill of appellees.

Reversed and rendered.

LIVINGSTON, C. J., and GOODWYN, MERRILL and COLEMAN, JJ., concur.