PER CURIAM.
Appellant County of Sarasota, a political subdivision of the State of Florida, appeals from an order of the lower court, wherein, on motion of the appellees, the said County was dropped as party plaintiff under Rule 1.18, Florida Rules of Civil Procedure, 30 F.S.A.
The complaint in this case consists of two counts, the first of which alleged facts showing that the appellees had violated certain provisions of Chapter 253, Fla.Stat.1961, F.S.A., by intentionally adding to or extending their land on or into the navigable waters of Little Sarasota Bay, without having applied for or obtaining a permit to do so from the County. Count Two alleged facts showing that the appellees had violated the existing bulkhead line by extending, creating or filling of land or islands outward into the waters of Little Sarasota Bay beyond the estab *534 lished bulkhead line. The complaint prayed for injunctive relief to restrain the defendants from further adding to or extending their lands or constructing any islands without first obtaining a permit, as required by law. . The appellees moved to drop Sarasota County as a party on the ground that the Sarasota County Water and Navigation Control Authority was the only proper party plaintiff.
Sec. 253.127, Fla.Stat., F.S.A., provides:
“The trustees of the internal improvement trust fund, the board of county commissioners or governing body of any municipality, or any aggrieved person, shall have the power to enforce the provisions of this law by appropriate suit in equity.”
The above section of the statutes immediately precedes Sec. 253.128, Fla.Stat., F.S.A., which states:
“In any county where the legislature by special law or general law with local application has heretofore or hereafter transferred or delegated to any county board or agency other than the board of county commissioners or the governing body of any municipality powers and duties over the establishment of bulkhead line or lines, dredging permits, fill permits, sea wall construction or any other powers of a like nature such agency shall have jurisdiction under this law in lieu of the board of county commissioners or the governing body of any municipality as the case may be.”
These two sections above quoted, when read in connection with the provisions of the Sarasota County Water and Navigation Control Authority Act,* and the powers conferred upon the Authority as set forth in Sec. 1 of such Act, reveal that as a result of the adoption of the Act the Legislature clearly provided that the Authority should have the sole responsibility of enforcing the provisions of Chapter 253, Fla.Stat., F.S.A., and is, as opposed to the County, the only permitted party plaintiff in such proceedings. It is true that the Authority is composed of the County Commissioners, but that in no wise gives the board members as County Commissioners any rights as plaintiff in this case.
The order of the trial court dropping the County as a party plaintiff should be and is hereby affirmed.
Affirmed.
SMITH, C. J, and ALLEN and SHANNON, JTJ., concur.

 Chapter 57-1853, Special Acts 1957, Laws of Florida.