PER CURIAM.
James D. Neville and Alyce S. Neville, 3iis wife, appellants herein, were defendants in the lower court. This suit was filed by the County of Sarasota and the Sarasota iCounty Water and Navigation Control Authority, but on motion of the appellants the ■County was dropped as a party plaintiff. This court affirmed that order in an interlocutory appeal decided this date, Fla.App., 158 So.2d 533, hence the Authority is the sole appellee herein. This appeal concerns itself only with the lower court’s order denying the appellants’ motions to dismiss and to strike.
The amended complaint in this case consists of two counts, the first of which alleged facts showing that the appellants had violated certain provisions of Chapter 253, Fla.Stat.1961, F.S.A., by intentionally adding to or extending their land on or into the navigable waters of Little Sarasota Bay, without having applied for or obtaining a permit to do so from the County. Count Two alleged facts showing that the .appellees had violated the existing bulkhead line by extending, creating or filling of land or islands outward into the waters of Little Sarasota Bay beyond the established bulkhead line. The amended complaint prayed for injunctive relief to restrain the defendants from further adding to or extending their lands or constructing any islands without first obtaining a permit; it further prayed that defendants be made to restore the area to the same or similar condition in which it had existed immediately prior to the construction, filling, etc.
The appellants present us with the question of whether or not the amended complaint contains sufficient and proper allegations of ultimate facts to state a cause of action for alleged violation of Chapter 253, Fla.Stat., F.S.A., and whether or not certain counts of the amended complaint contain redundant and immaterial allegations. The gist of the appellants’ argument herein lies in the allegation that the appellee has not set forth the ultimate facts in the amended complaint. They also allege that the appellee has paraphrased the language of both Chapter 253, Fla.Stat., F.S.A., and a pertinent Special Act. As stated in the appellants’ brief:
“To summarize, appellee, rather than adhering to the requirements of the Florida rules with respect to definiteness and clarity of pleadings, has submitted as its purported statement of a cause of action, seeking injunctive relief against appellants, a complete paraphrase of the various alternative activities which may constitute violations of the acts * *
In the case of McDonnell v. Murnan Shipbuilding Corporation, 1924, 210 Ala. 611, 98 So. 887, the court says, in part:
“We are of the opinion that these counts introduced in the last amendment of the complaint were sufficient as against the demurrer interposed ■thereto. The averments follow substantially the language of the statute giving the right of action. In Alabama Great So. R. R. Co. v. Cardwell, 171 *536 Ala. 274, 55 South. 185, this Court said, in stating a statutory right of action, it is safe to follow the language the statute prescribes.”
After consideration of the amended complaint and the briefs herein, we feel that such amended complaint should stand. While the complaint might not meet the niceties of the situation, it nevertheless states in clear and unambiguous language that appellants have done and are doing certain acts for which a temporary injunction should issue. The Rules provide that if the complaint informs the defendant of the nature of the cause against him, it shall be held sufficient; and it seems to us that the lower court was correct in denying the appellants’ motion to dismiss and motion to strike.
Affirmed.
SMITH, C. J., and ALLEN and SHANNON, TJ., concur.